IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUE OF OHIO, et. al.,<br><br>              *Plaintiffs,*<br><br>v.<br><br>FRANK LAROSE, in his official capacity as Secretary of State of Ohio,<br><br>              *Defendant.* | :<br>:<br>:<br>:  CASE NO. 1:20-cv-01908<br>:<br>:  JUDGE POLSTER<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### ANSWER OF DEFENDANT OHIO SECRETARY OF STATE FRANK LAROSE

Defendant Ohio Secretary of State Frank LaRose responds to and answers Plaintiffs' Complaint as follows:

1. As to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the personal motivations of Ohio voters voting by mail or choosing to vote by the several other methods available to Ohio voters for the November 2020 election. Defendant denies for lack of knowledge whether the United States Postal Service ("USPS") is experiencing unprecedented delays. Defendant admits that he issued a directive continuing the use of secure drop boxes for the collection of absentee ballots in Ohio, and expanding their use to the collection of absentee ballot applications in the 2020

1

election. Defendant denies that such directive unconstitutionally burdens Plaintiffs' right to vote, or that hundreds of thousands of Ohioans stand to have their votes suppressed.

2. Defendant admits that he has made numerous public statements regarding the 2020 election season but denies for lack of knowledge the accuracy of the particular quote contained in Paragraph 2 of the Complaint.

3. Defendant denies for lack of knowledge the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that he issued Directive 2020-16 which provides Ohioans the option to return completed absentee voting applications and voted ballots to a secure drop box located at each County Board of Elections and denies the remainder of the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint is a legal conclusion to which no response is required.

10. As to Paragraph 10 of the Complaint, Defendant admits that Plaintiffs request preliminary and declaratory relief, but deny Plaintiffs are entitled to same.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

12. Paragraph 12 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

13. Defendant admits the allegations contained in Paragraph 13 through 14 of the Complaint.

14. Paragraph 15 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiffs are entitled to declaratory and injunctive relief.

## PARTIES

A. **Organizational Plaintiffs**

   A.  **Philip Randolph Institute of Ohio**

15. As to Paragraphs 16 through 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Philip Randolph Institute of Ohio possesses standing to bring the Complaint.

   **League of Women Voters of Ohio**

16. As to Paragraphs 20 through 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff League of Women Voters of Ohio possesses standing to bring the Complaint.

   **Ohio State Conference of the NAACP ("Ohio NAACP")**

17. As to Paragraphs 23 through 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Ohio State Conference of the NAACP possesses standing to bring the Complaint.

### B. Individual Plaintiffs

**Beatrice Griffin**

18. As to Paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Beatrice Griffin possesses standing to bring the Complaint.

**Sarah Rikleen**

19. As to Paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Sarah Rikleen possesses standing to bring the Complaint.

**C. Ellen Connally**

20. As to Paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff C. Ellen Connally possesses standing to bring the Complaint.

**Matthew Nowling**

21. As to Paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Matthew Nowling possesses standing to bring the Complaint.

**Ryllie Jesionowski**

22. As to Paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Ryllie Jesionowski possesses standing to bring the Complaint.

**Soli Collins**

23. As to Paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Soli Collins possesses standing to bring the Complaint.

**Marcus Germany**

24. As to Paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Marcus Germany possesses standing to bring the Complaint.

**C. Defendant**

25. As to Paragraph 33 through 34 of the Complaint, Defendant admits that he is the Secretary of State of Ohio and the he is sued in his official capacity. The remainder of Paragraph 33 through 34 is a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

**A. Absentee Voting in the November 3, 2020 General Election**

26. As to Paragraph 35 of the Complaint, Defendant admits that the 2020 primary moved to a primarily absentee-vote-by mail system, but denies that the November 3, 2020 General

Election has moved to a primarily absentee-vote-by mail system as all previous methods of voting, including absentee, in-person early voting, in-person voting at polling locations, and new in 2020 curbside voting, are all available methods of voting in the 2020 general election.

27. Defendant admits that he has made numerous public statements regarding the 2020 election season but denies for lack of knowledge the accuracy of the particular quote contained in Paragraph 36 of the Complaint.

28. As to Paragraph 37, Defendant admits that 1,831,640 Ohioans cast their ballots absentee by mail or early in person in the 2020 primary election, which was 99.8% of the 1,834,465 votes cast.

29. As to Paragraphs 38 through 42, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein.

30. As to Paragraph 43, Defendant admits that he issues guidance concerning elections. Any such official guidance issued by Defendant as Ohio Secretary of State speaks for itself.

31. As to Paragraph 44, Defendant admits that he issues guidance concerning elections. Any such official guidance issued by Defendant as Ohio Secretary of State speaks for itself.

32. As to Paragraph 45, Defendant admits that he issues guidance concerning elections. Any such official guidance issued by Defendant as Ohio Secretary of State speaks for itself.

33. As to Paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to individual and subjective thoughts of voters and Plaintiffs.

34. As to Paragraph 47, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiffs' and Plaintiffs' members individual and subjective rationale for choosing to vote using any of the variety of methods currently available in Ohio.

35. As to Paragraph 48, Defendant admits that he issues guidance concerning elections. Any such official guidance issued by Defendant as Ohio Secretary of State speaks for itself.

36. As to Paragraph 49, Defendant admits that he has encouraged the use of Ohio's absentee voting procedures, but denies that he has taken away any voters' ability to do so by continuing and expanding the use of drop boxes at county boards of elections.

**B. Delays in USPS Deliveries and Secure Ballot Drop Boxes**

37. As to Paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

38. Defendant admits that he has made numerous public statements regarding the 2020 election season but denies for lack of knowledge the accuracy of the particular quote contained in Paragraph 51 of the Complaint.

39. As to Paragraph 52, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

40. As to Paragraph 53, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

41. Defendant admits to receiving the August 2020 letter referenced in paragraph 54. Any such letter speaks for itself.

42. As to Paragraph 55, the letter referenced speaks for itself.

43. As to Paragraph 56, Defendant denies that the State's absentee-ballot deadlines are "incongruous" and "incompatible" with current USPS delivery times and that Directive

7

2020-16 limits boards of elections to a single secure drop box at their board of elections offices for the November 3, 2020 general election. Defendant admits the Directive requires that beginning September 1, 2020 counties allow voters to drop off completed applications and ballots on a 24/7 basis; mandates that boards continuously monitor their secure drop box; and requires on Republican and one Democrat to jointly empty the secure drop box at least once every day.

44. As to Paragraph 57, Defendant admits that secure drop boxes provide voters with an alternative method to return absentee applications and absentee ballots. Defendant admits that voters drop off their absentee applications and ballots in sealed and signed envelopes in a designated secure drop box. Defendant denies that in the state of Ohio secure drop boxes can take the form of secure slots installed at municipal locations or on governmental property, such as public libraries, other governmental buildings, or stand-alone receptacles on county property.

45. As to Paragraph 58, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. Any guidance issued by the federal government or department thereof speaks for itself.

46. As to Paragraph 59, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

47. As to Paragraph 60, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

48. Defendant admits the allegations contained in Paragraph 61.

49. As to Paragraph 62, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

50. As to Paragraph 63, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

51. As to Paragraph 64, Defendant admits that he requested and later withdrew the said request for a legal opinion from the Ohio Attorney General on the legality of providing drop boxes at multiple locations within a county. Defendant denies the remaining allegations contained in Paragraph 64.

52. As to Paragraph 65, Defendant lacks knowledge or information sufficient to for ma belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

C. **Ohio Law Regarding Return of Absentee Ballots**

53. Paragraph 66 through 70 of the Complaint are legal conclusions. The statutes cited speak for themselves.

54. As to Paragraph 71 of the Complaint, Defendant denies that elections officials can reject absentee ballots. Defendant states that R.C. 3509.06 speaks for itself, including the process used to remedy absentee ballots which have been challenged by precinct officials due to incomplete identification envelope statements. Defendant denies that allowing voters to remedy deficiencies contained in absentee ballot submissions adds any additional steps to absentee voting in Ohio.

**D. Burdens on Individual and Organizational Plaintiffs**

55. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

56. As to Paragraph 73, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

57. As to Paragraph 74, Defendant lacks knowledge or information sufficient to form a belief as to the age and health status of the members of organizational Plaintiffs. Defendant denies the remainder of the allegations contained in Paragraph 74.

58. As to Paragraph 75, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

59. As to Paragraph 76, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

60. As to Paragraph 77, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

61. As to Paragraph 78, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

62. As to Paragraph 75, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

63. As to Paragraph 80, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

64. As to Paragraph 81, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

65. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

66. As to Paragraph 83, Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding drive times of organizational Plaintiffs' members. Defendant denies the remainder of the allegations contained in Paragraph 83.

67. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

68. As to Paragraph 85, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

69. Paragraph 86 of the Complaint is a legal conclusion to which no response is required.

70. Paragraph 87 of the Complaint is a legal conclusion to which no response is required.

71. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## SECOND CAUSE OF ACTION

73. As to Paragraph 90, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

74. Paragraph 91 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

75. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. This Court lacks subject matter jurisdiction over Plaintiff's case.

### SECOND DEFENSE

2. Plaintiffs lack standing to bring this Complaint.

### THIRD DEFENSE

3. Plaintiffs fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

4. Plaintiffs have not been deprived of any federal constitutional or statutory rights.

### FIFTH DEFENSE

5. The challenged laws do not violate the United States Constitution.

### SIXTH DEFENSE

6. The challenged laws are supported by substantial state interests.

### SEVENTH DEFENSE

7. The challenged laws are sufficiently tailored to meet constitutional scrutiny.

### EIGHTH DEFENSE

8. Plaintiff is unable to establish the elements required for injunctive relief.

**NINTH DEFENSE**

9. Any alleged harm caused to the individual plaintiffs are a result of their own acts or omissions.

**TENTH DEFENSE**

10. Plaintiffs are barred by the doctrine of Laches from obtaining the relief requested.

**ELEVENTH DEFENSE**

11. The *Pullman* abstention doctrine suggests that this court abstain from deciding this matter as unsettled questions of state law, in particular the same Ohio statutory issues currently being litigated in *Ohio Democratic Party et al. v. Frank LaRose*, Franklin County Common Pleas Court Case No. 20 CV 005634, must be resolved before a substantial federal constitutional question can be decided.

**RESERVATION OF ADDITIONAL DEFENSES**

12. Defendant reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiffs' Complaint, Defendant requests that this Court dismiss Plaintiffs' claims, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Michael Sliwinski
CHARLES MILLER (0073844)
Deputy Chief Counsel
*Counsel of Record*
MICHAEL SLIWINSKI (0076728)
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Charles.Miller@ohioattorneygeneral.gov
Michael.Sliwinski@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Secretary of State Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ Michael Sliwinski
MICHAEL SLIWINSKI (0076728)
Assistant Attorney General