IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE OF OHIO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> FRANK LAROSE, in his official capacity as Secretary of State of Ohio, <br><br> *Defendant*. | CASE NO. 1:20-cv-01908-DAP <br><br> JUDGE DAN A. POLSTER |

### NOTICE REGARDING PLAINTIFFS' REQUESTED RELIEF

On September 8, 2020, this Court requested that Plaintiffs A. Philip Randolph Institute of Ohio, et al. (collectively, "Plaintiffs") submit to the Court a supplemental filing addressing two questions regarding the relief Plaintiffs seek in their case against Defendant Frank LaRose, in his official capacity as Secretary of State of the State of Ohio:

First, the Court asked Plaintiffs to address what, if any, affirmative relief Plaintiffs are seeking. In particular, the Court asked Plaintiffs to indicate whether, should the Directive 2020-16 be rescinded, Defendant LaRose should be required to direct county boards of election to adopt a certain number or ratio of drop boxes to population per county.

Second, the Court asked Plaintiffs whether they would intend to initiate further litigation against local county boards of election in the upcoming general election on November 3, 2020, should the Court issue narrow relief ordering Defendant's Directive 2020-16 rescinded and

1

should any individual county board of elections forgo installing more than one drop box in its county in the upcoming general election.

As to the first question, Plaintiffs do not seek affirmative relief in this litigation.[1] The relief sought is outlined below:

(1) Declare Ohio Rev. Code §§ 3509.04 and 3509.05, governing the manner in which absentee ballots are returned, unconstitutional as applied, in violation of the First and Fourteenth Amendments of the United States Constitution, to the extent that such statutes prohibit counties from providing more than one drop box location per county for the November 3, 2020 election;[2]

(2) Declare Directive 2020-16 unconstitutional in violation of the First and Fourteenth Amendments of the United States Constitution, to the extent that it prohibits counties from providing more than one drop box location per county for the November 3, 2020 election;

---

[1] In their Complaint, Dkt. No. 1 at 30, Plaintiffs requested affirmative relief under Prayer for Relief paragraphs (4) and (5). Plaintiffs do not now seek that relief in the upcoming November 3, 2020 election.

[2] This claim for relief will be made only if the state court in the pending litigation, *Ohio Democratic Party et al. v. LaRose*, Case No. 20-CV-005634 (Franklin Cty. Ct. of Common Pleas filed Aug. 25, 2020), rules that those statutes authorized the Directive. Based on the briefing in that case,, Plaintiffs are assuming that the state court will be construing whether Ohio Rev. Code §§ 3509.04 and 3509.05 prohibit counties from installing more than one ballot drop box except for a single drop box at the office of the county boards of election. If, however, the state court rules that some other section of the Ohio Revised Code provides authorization for Defendant LaRose's issuance of Directive 2020-16, Plaintiffs would ask that this Court declare such section of the Ohio Revised Code as unconstitutional as applied to the November 3, 2020 election.

(3) Order Defendant LaRose to rescind Directive 2020-16 insofar as it applies to the upcoming November 3, 2020 election, in prohibiting counties from providing more than one ballot drop box location per county;

(4) Issue a preliminary and permanent injunction prohibiting Defendant LaRose from enforcing Directive 2020-16 in connection with the November 3, 2020 general election;

(5) Award Plaintiffs their costs, including attorneys' fees under 42 U.S.C. § 1988, Code of Civil Procedure § 1021.5, and any other available statutes; and

(6) Provide such other and further relief as the Court deems just.

As to the second question, Plaintiffs do not intend to ask the Court in this action to provide relief against any counties. Plaintiffs do not intend to sue individual counties if the county boards of election elect not to install more than one drop box in this upcoming November 3, 2020 election.

Respectfully submitted,                                                                 September 9, 2020

    */ James Schuster /*_____
James Schuster (Ohio Bar No. 0065739)
JSA LLP
2355 BELLFIELD AVE.
CLEVELAND HEIGHTS, OH 44106
Telephone: (216) 882-9999
jschuster@OHcounsel.com


Jon Greenbaum+
Ezra Rosenberg*
Pooja Chaudhuri*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org

3

pchaudhuri@lawyerscommittee.org

Subodh Chandra (Ohio Bar No. 0069233)
Donald P. Screen (Ohio Bar No. 0044070)
Brian D. Bardwell (Ohio Bar No. 0098423)
THE CHANDRA LAW FIRM LLC
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Telephone: (216) 578-1700
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com


Freda J. Levenson (0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Avenue
Cleveland, Ohio 44103
Tel: (216) 472-2220
flevenson@acluohio.org

David J. Carey (0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Tel: (614) 586-1972 x2004
dcarey@acluohio.org


Neil A. Steiner*
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10019
Telephone: (212) 689-3500
neil.steiner@dechert.com

Erik Snapp*
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
erik.snapp@dechert.com

Lindsey B. Cohan*
DECHERT LLP
515 Congress Avenue, Suite 1400

4

Austin, Texas 78701
Telephone: (512) 394-3000
lindsey.cohan@dechert.com

Theodore E. Yale*
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
theodore.yale@dechert.com


+Not Ohio barred but admitted to practice in this Court
*Pro Hac Vice either filed or forthcoming


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I, JAMES SCHUSTER, HEREBY, CERTIFY that, on September 9, 2020, a true and correct copy of the foregoing, NOTICE REGARDING PLAINTIFFS' REQUESTED RELIEF, was filed electronically with the Clerk of the Court for the U.S. District for the Northern District of Ohio, via CM/ECF, which, in turn, has sent notice of electronic filing of this Motion to all counsel of record for Defendant Frank LaRose, in his official capacity as Secretary of State for the State of Ohio, as well as all other counsel of record.

                                    */ James Schuster /*
                                    James Schuster (Ohio Bar No. 0065739)
                                    JSA LLP
                                    2355 Bellfield Ave.
                                    Cleveland Heights, OH 44106
                                    Telephone: (216) 882-9999
                                    jschuster@ohcounsel.com