**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE OF OHIO *et al.*, | |
| Plaintiffs, | Civil Action No. 1:20-cv-01908 |
| v. | Judge Dan Aaron Polster |
| FRANK LAROSE, in his official capacity as Secretary of State of Ohio, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY DONALD J.
TRUMP FOR PRESIDENT, INC., THE OHIO REPUBLICAN PARTY,
THE REPUBLICAN NATIONAL COMMITTEE, AND THE NATIONAL
REPUBLICAN CONGRESSIONAL COMMITTEE**

Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National

Committee, and the National Republican Congressional Committee (the "Republican

Committees") respectfully move to intervene to defend Ohio Revised Code § 3905.05(A) and

Directive 2020-16.  In accordance with the plain terms of § 3509.05(A), Directive 2020-16

accommodates voters by requiring each county board of elections to provide a secure drop box

outside its office.  It also protects the integrity of Ohio's elections by requiring that such drop

boxes be continually monitored to ensure that they remain secure and by prohibiting county boards

from installing drop boxes at any other location.  Plaintiffs maintain that § 3509.05(A) and the

Directive are unconstitutional to the extent that it prohibits a county board of elections from

establishing more than one drop box.  They ask the Court to invalidate § 3509.05(A) and Directive

2020-16 and to grant county boards of elections discretion to install any number of drop boxes at

any location for the imminent general election.  They do not seek any relief against any county

board of elections.  (*See* Notice Regarding Plaintiffs' Requested Relief (Sept. 9, 2020).)

The state court has already granted intervention to the Ohio Republican Party in a parallel

suit examining whether § 3509.05(A) prohibits any county board of elections from authorizing

more than one secure drop box at locations other than the county board of elections' offices.  *See*

Order, *Ohio Democratic Party v. LaRose*, No. 20-CV-5634 (Franklin County Ct. Comm. Pleas

Sept. 3, 2020) (attached as Ex. A).  Other courts in Ohio also have granted intervention to the

Republican Committees in voting litigation in recent days.  *See, e.g.*, Opinion and Order, *League*

*of Women Voters of Ohio v. LaRose*, No. 2:20-cv-3843 (S.D. Ohio Sept. 4, 2020) (attached as Ex.

B); Decision, *Ohio Democratic Party v. LaRose*, No. 20-CV-4997 (Franklin County Ct. Comm.

Pleas Sept. 3, 2020) (attached as Ex. C).

This Court should likewise grant the Republican Committees' motion to intervene, whether

as a matter of right or discretion.  The Republican Committees have a right to intervene because

this motion is timely and they have a substantial interest in the validity of § 3509.05(A) and the

Directive that they can protect only by participating in this case.  *See* FED. R. CIV. P. 24(a)(2).

Alternatively, the Court should exercise its discretion to allow the Republican Committees to

intervene because their defenses address questions already before the Court.  FED. R. CIV. P. 24(b).

## BACKGROUND

*The Republican Committees.*  Donald J. Trump for President, Inc., the Ohio Republican

Party, the Republican National Committee, and the National Republican Congressional Committee

are political committees that support Republican voters and candidates in Ohio.  Donald J. Trump

for President, Inc. (the "Trump Campaign") is the principal committee for the reelection campaign

of Donald J. Trump, the 45th President of the United States of America.  President Trump is the

presumptive Republican nominee for the office of President of the United States in the upcoming

November 3, 2020 general election.  The Trump Campaign seeks to intervene on its own behalf and on behalf of its candidate, President Trump.  President Trump is a candidate as that term is defined in Ohio Revised Code § 3501.01(H).

The Ohio Republican Party is a "major political party" as defined by Ohio Revised Code § 3501.01(F)(1).  Its general purpose is to promote and assist Republican candidates who seek election or appointment to partisan federal, state, or local office in Ohio.  It works to accomplish this purpose by, among other things, devoting substantial resources towards educating, mobilizing, assisting, and turning out voters in Ohio.  The Ohio Republican Party has made significant contributions and expenditures to support Republican candidates in Ohio for many election cycles and is doing so again in 2020.  It has a substantial interest in ensuring that Ohio runs free and fair elections according to Ohio law.

The Republication National Committee is the Republican Party's national committee.  *See* 52 U.S.C. § 30101(14).  It manages the Republican Party's business at the national level.  This includes developing and promoting the Party's national platform and fundraising and election strategies; supporting Republican candidates at all levels across the country, including in Ohio; and assisting state parties throughout the country (including in Ohio) to educate, mobilize, assist, and turn out voters.  Like the Ohio Republican Party, the Republican National Committee has made significant contributions and expenditures in support of Republican candidates in Ohio, both in the past and in 2020.  The Republican National Committee similarly has a substantial interest in ensuring that Ohio runs free and fair elections according to Ohio law.

The National Republican Congressional Committee ("NRCC") is the national congressional committee of the Republican Party as defined by 52 U.S.C. § 30101(14).  The NRCC's mission is to elect Republican candidates to the U.S. House of Representatives from across the United States, including from Ohio's 16 congressional districts.  The NRCC works to

accomplish its mission in Ohio by, among other things, providing direct and indirect financial contributions and support to candidates and other Republican Party organizations; providing technical and research assistance to Republican candidates and Party organizations; engaging in voter registration, voter education, and voter turnout programs; and other Republican party-building activities.  The NRCC has made significant contributions and expenditures in support of Republican House candidates in Ohio in many past election cycles and is doing so again in 2020. The NRCC also has a substantial interest in ensuring that Ohio carries out free and fair elections in accord with Ohio law.

*Procedural Background.*  This case is in its infancy.  Plaintiffs sued the Ohio Secretary of State to challenge § 3509.05(A) and the Directive on August 26, 2020, and then filed a motion for a preliminary injunction on September 4, 2020.  The Ohio Secretary of State answered the complaint on September 9, 2020 and is not required to respond to Plaintiffs' motion for a preliminary injunction until September 16, 2020—a deadline that the Republican Committees are prepared to meet.  Additionally, discovery has not begun.  The Republican Committees seek to intervene at this early stage to protect their interests and to avoid any prejudice or delay to the parties and the Court's resolution of this case.

## ARGUMENT

### A.    The Republican Committees Have A Right To Intervene Under Rule 24(a).

The "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(2).  Federal courts have long applied Rule 24 "in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991), because a person should not "be deprived of his or her legal rights in a

proceeding to which such a person is neither a party nor summoned to appear," *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  This principle carries even more force in election law cases, "and for good reason—the right to vote 'is regarded as a fundamental political right, because [it is] preservative of all rights.'" *Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 543 (6th Cir. 2013) (per curiam) (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886)).

A proposed intervenor satisfies Rule 24(a) if:  (1) the motion to intervene is timely; (2) the party has a substantial legal interest in the case; (3) the party's ability to protect its interest will be impaired without intervention; and (4) the existing parties may not adequately represent the party's interest.  *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).  The Republican Committees meet each requirement.

### 1.     This motion is timely.

The Sixth Circuit considers several factors when evaluating the timeliness of a motion to intervene including the point to which the case has progressed; the purpose for intervention; when the intervenors knew (or should have known) of their interest in the case; prejudice to the parties; and any unusual circumstances that support (or cut against) intervention.  *See Jansen*, 904 F.2d at 340.  No factor is dispositive; rather, a court should evaluate timeliness "in the context of all relevant circumstances." *Id.*

Under these circumstances, the Republican Committees' motion to intervene undoubtedly is timely.  This case has just begun.  Plaintiffs filed their complaint only two weeks ago.  *See Miller*, 103 F.3d at 1245 (reasoning that intervention motion filed "just two weeks after the complaint" was "timely as a matter of law").  Plaintiffs filed their motion for a preliminary injunction on September 4 and Secretary LaRose filed his answer on September 9—all within the last few days.  In addition, Secretary LaRose's response to Plaintiffs' motion for a preliminary injunction is not due until September 16 (a deadline the Republican Committees are prepared to

meet) and discovery has not begun. *See Blount-Hill v. Ohio*, 244 F.R.D. 399, 402 (S.D. Ohio 2005) (granting motion to intervene filed "nearly five months after Plaintiffs' Complaint was filed" where "[l]ittle discovery has been conducted"); *see also Priorities USA v. Nessel*, 2020 WL 2615504, at *2–3 (E.D. Mich. May 22, 2020) (granting intervention where "little to no discovery has taken place"). Two Ohio courts have recently granted intervention to one or more Republican Committees in cases in a similar procedural posture. *See, e.g.*, Order, *Ohio Democratic Party v. LaRose*, No. 20-CV-5634 (granting motion to intervene filed 6 days after plaintiffs filed motion for preliminary injunction) (attached as <u>Ex. A</u>); Decision, *Ohio Democratic Party v. LaRose*, No. 20-CV-4997 (granting motion to intervene filed 17 days after plaintiffs filed motion for preliminary injunction and 6 days after defendant filed an opposition) (attached as <u>Ex. C</u>).

In short, "nothing has happened in this case" yet, "so no party is prejudiced by the timing." *In re 2016 Primary Election*, 2016 WL 1392498, at *2 (S.D. Ohio Apr. 8, 2016). And by moving to intervene at this "initial stage," the Republican Committees will not delay the proceedings. *See Miller*, 103 F.3d at 1245; *Priorities USA v. Benson*, __ F. Supp. 3d __, 2020 WL 1433852, at *5 (E.D. Mich. Mar. 24, 2020). This motion is timely.

**2.    The Republican Committees have a substantial legal interest.**

The Republican Committees also have a substantial legal interest in this case. The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted). An intervenor need not, for example, "have the same standing necessary to initiate a lawsuit." *Miller*, 103 F.3d at 1245. And courts should resolve "close cases" "in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247.

As in previous election cases, "there is no dispute that the Ohio Republican Party ha[s] an interest in the subject matter of this case, given the fact that changes in voting procedures could affect candidates running as Republicans and voters who are members of the Ohio Republican

Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, at \*2 (S.D. Ohio Aug. 26, 2005).

Plaintiffs ask the Court to enjoin a statute and a statewide directive governing absentee voting

procedures less than one month before absentee voting begins on October 6.  (*See* Notice

Regarding Plaintiffs' Requested Relief (Sept. 9, 2020).)  The Republican Committees have a

substantial interest in preventing changes to the "competitive environment" at this late hour.  *See*

*Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005).  Because their candidates seek election or

reelection "in contests governed by the challenged rules," they have an interest in "demand[ing]

adherence" to those requirements.  *Id.* at 88.  Simply put, Plaintiffs' action could "chang[e] the

results of elections," directly impacting the Republican Committees and their candidates and

voters.  *Benson*, 2020 WL 1433852, at \*6.

> **3.      The Republican Committees' ability to protect their interests will be harmed
> if they cannot intervene.**

The Republican Committees' ability to protect their interests hinges on intervention.  "[A]

would-be intervenor must show only that impairment of its substantial legal interest is possible if

intervention is denied."  *Miller*, 103 F.3d at 1247.  "This burden is minimal."  *Id.*

The Republican Committees clear this low hurdle.  Without intervention, they have no way

to "defend their concrete interests" in, among other things, ensuring fair and orderly elections

conducted in accordance with established rules.  *Shays*, 414 F.3d at 86.  Plaintiffs' suit could

"fundamentally alter the environment" for the upcoming election by changing Ohio's rules

regarding the delivery of absentee ballots.  *Id.*  As an example, Plaintiffs seek an order requiring

Secretary LaRose to allow counties, in their discretion and on a county-by-county basis, to install

any number of drop boxes in any locations they wish.  (*See* Notice Regarding Plaintiffs' Requested

Relief (Sept. 9, 2020).)  This could force the Republican Committees to face a "broader range of

competitive tactics than" Ohio "would otherwise allow," *Shays*, 414 F.3d at 86, and it could

directly prejudice the Republican Committees' candidates in the upcoming election.

> **4.** **The existing parties do not adequately represent the Republican Committees' interests.**

None of the existing parties can adequately represent the Republican Committees'

interests.  As with the previous requirement, the burden to show inadequate representation "should

be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

The mere "*potential* for inadequate representation" is enough.  *Grutter*, 188 F.3d at 400.  And,

consistent with the overall approach to Rule 24, "all reasonable doubts should be resolved" in favor

of intervention.  7C Mary Kay Kane, *Federal Practice and Procedure* § 1909 (3d ed. 2020).

In this case, the Ohio Secretary of State may not adequately represent the Republican

Committees' interests.  Courts across the country have "often concluded that governmental entities

do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*,

322 F.3d 728, 736 (D.C. Cir. 2003).  Secretary LaRose's generalized interest in enforcing the law

is distinct from the Republican Committees' private interests. *See Utah Ass'n of Ctys. v. Clinton*,

255 F.3d 1246, 1255–56 (10th Cir. 2001).  He has no interest in electing particular candidates.  *Cf.*

*Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (per curiam).  He also must consider a

"broad spectrum of views, many of which may conflict" with the Republican Committees' specific

interests.  *Clinton*, 255 F.3d at 1256.  These may include the "expense of defending" the current

laws, *Clark v. Putnam County*, 168 F.3d 458, 461–62 (11th Cir. 1999); the "social and political

divisiveness of the election issue," *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1478 (11th

Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324 (11th

Cir. 2007) (per curiam); and the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776,

779–80 (4th Cir. 1991).  The Republican Committees' distinct interests may diverge from those

of the Ohio Secretary of State during this case.  *See Cleveland Cty. Ass'n for Gov't by the People v. Cleveland Cty. Bd. of Comm'rs*, 142 F.3d 468, 474 (D.C. Cir. 1998) (per curiam).  This potential for inadequate representation is enough to justify intervention under Rule 24(a).

**B.      Alternatively, The Court Should Grant The Republican Committees Permissive Intervention.**

Even if the Court disagrees that intervention of right is warranted, it should permit the Republican Committees to intervene as a matter of discretion under Rule 24(b) in which case this motion may be granted without addressing the Rule 24(a) factors.  *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).

Rule 24(b) authorizes courts to "permit anyone to intervene who," "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).  Permissive intervention is within the Court's discretion.  *League of Women Voters*, 902 F.3d at 577.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P. 24(b)(3).

Permissive intervention is justified here.  *First*, as explained above, this motion is timely.[1] *Second*, the Republican Committees will raise defenses that share many common questions with the parties' claims and defenses.  Plaintiffs allege that § 3509.05(A) and Directive 2020-16 are unconstitutional.  The Republican Committees disagree and contend that § 3509.05(A) and the Directive are valid and enforceable.  Plaintiffs' requested relief also could undermine the Republican Committees' interests.  The questions of law and fact that the Republican Committees will raise certainly overlap with the issues already before the Court.  *See League of Women Voters*, 902 F.3d at 577; *see also Yang v. Kellner*, 2020 WL 2115412, at *2 (S.D.N.Y. May 3, 2020); *City*

---

[1] The Sixth Circuit uses the same timeliness factors for Rule 24(a) and Rule 24(b).  *See Blount-Hill v. Zelman*, 636 F.3d 278, 284, 287–88 (6th Cir. 2011).

*of Greensboro v. Guilford Cty. Bd. of Elections*, 2015 WL 12752936, at *1 (M.D.N.C. Oct. 30, 2015).

*Third*, the Republican Committees' intervention will not delay this case or prejudice the original parties.  This case has only just begun and intervention will impose no delays.  The Republican Committees will follow any schedule the Court sets and allowing them to intervene would prevent piecemeal litigation and the need for collateral challenges to a settlement or appeals from an order that may prejudice them.

## CONCLUSION

For the foregoing reasons, the Republican Committees respectfully ask the Court to grant their motion to intervene as defendants in this case.  As required by Rule 24(c), the Republican Committees have attached as <u>Ex. D</u> a proposed Answer to Plaintiffs' Complaint.

Dated:  September 10, 2020

Respectfully submitted,


s/ *Christopher M. McLaughlin*

Christopher M. McLaughlin  (0078186)
E-mail:  cmmclaughlin@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

John M. Gore*
E-mail:  jmgore@jonesday.com
E. Stewart Crosland*
E-mail:  scrosland@jonesday.com
Stephen J. Kenny*
E-mail:  skenny@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Attorneys for Proposed Intervenor-
Defendants*

**Pro hac vice* application forthcoming

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2020, a copy of the foregoing Memorandum in Support of Motion to Intervene was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Christopher M. McLaughlin
*Attorney for Proposed Intervenor-Defendants*