**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE OF OHIO, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:20-cv-01908 |
| FRANK LAROSE, in his official capacity as Secretary of State of Ohio, | Hon. Dan Aaron Polster |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE OF DONALD J. TRUMP FOR PRESIDENT, INC., THE OHIO REPUBLICAN PARTY, THE REPUBLICAN NATIONAL COMMITTEE, AND THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

Plaintiffs, non-partisan civil rights organizations and individual voters, respectfully oppose the motion to intervene of Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee and the National Republican Congressional Committee (the "Proposed Intervenors"). The legal issue in this action is whether Ohio Secretary of State Frank LaRose's Directive 2020-16, which prohibits Ohio counties from installing a ballot drop box for receiving absentee ballots anywhere other than the county board of elections, unconstitutionally infringes on the fundamental right to vote of eligible Ohio citizens in the context of the COVID-19 pandemic and well-known problems with mail delivery by the United States Postal Service.

The Proposed Intervenors contend that they should be permitted to intervene either as of right or permissively to protect their interest in ensuring that the state of Ohio runs free and fair

elections and in promoting or supporting Republican candidates for elected office at the federal, state or local level.  Mot. at 6–7.  According to the Proposed Intervenors, Defendant LaRose will not adequately protect their interests because he "has no interest in electing particular candidates."  Mot. at 8.  Proposed Intervenors claim that they are interested in electing Republican candidates—a goal they contend will be impaired if Ohio counties are permitted to make voting more accessible to eligible voters by having multiple locations in the county for returning completed mail-in ballots in a safe, secure, and convenient drop box.  The Proposed Intervenors' argument misses the point:  the desire to elect a particular candidate or candidates of a particular party is not a protectable legal right or legal interest at issue in the litigation.  *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 782 (6th Cir. 2007) ("Where … an organization has only a general ideological interest in the lawsuit … such an organization's interest in the lawsuit cannot be deemed substantial.").

The Proposed Intervenors do not and cannot explain how Defendant LaRose will not adequately represent their professed interest in having free and fair elections.  Indeed, there is no allegation, nor could there be, that only voters of a particular political party are permitted to use drop boxes or that voters of a particular party are restricted from using drop boxes.  To the contrary, all eligible voters in Ohio are permitted to vote by mail-in ballot and return such ballot via drop box.  The only issue is whether restricting drop boxes to one location in each county unconstitutionally infringes the constitutional right to vote of all eligible voters in the state.  Accordingly, as set forth more fully below, the Proposed Intervenors' motion to intervene should be denied.[1]

---

[1] The Proposed Intervenors acknowledge the expedited nature of this action, including the expedited deposition and briefing schedule in advance of the hearing on Plaintiffs' motion for a preliminary injunction scheduled for September 23, 2020.  But discovery in this matter is well underway, with multiple depositions per day going forward, and the Proposed Intervenors have

## ARGUMENT

The standard for intervention, whether permissive or as of right, is governed by Rule 24 of the Federal Rules of Civil Procedure.  For intervention as of right, Rule 24(a)(2) requires the Proposed Intervenors to show (1) timeliness of the motion to intervene, (2) a substantial legal interest in the case, (3) impairment of the movant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by the existing parties.  *See Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997).  "[F]ailure to meet [any] one of the criteria will require the motion to intervene be denied."  *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989).

Where intervention as of right is not proper, permissive intervention is still available where the intervenor shares a common question of law or fact and intervention will not cause prejudice or undue delay.  FED. R. CIV. P. 24(b).  Proposed Intervenors fall well short of the standard for either intervention as of right or permissive intervention in this case.

### A.    The Proposed Intervenors Have No Substantial Legal Interest to Protect in This Litigation

To demonstrate that they have an interest in the action sufficient to intervene, the Proposed Intervenors must show that they have a "substantial interest in the subject matter of this litigation." *Coal. to Defend Affirmative Action*, 501 F.3d at 780 (quoting *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999)).  To meet this requirement, the Proposed Intervenors must show that they have a cognizable interest such that they stand to gain or lose from the requested relief.  *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002); *ManaSota—88, Inc. v. Tidwell*, 896 F.2d

---

not represented that they will not seek to add to the substantial discovery burden that Plaintiffs face.  If intervention is permitted, it should be conditioned on the current schedule for the preliminary-injunction hearing, including the expedited deposition schedule coordinated by the parties, being adhered to.

1318, 1322 (11th Cir. 1990).  Merely repeating a general interest in defending a rule or statute does not suffice.  *See Northland Family Planning*, 487 F.3d at 346–47 (denying intervention by a pro-life organization in plaintiffs' challenge to a statute that restricted access to abortion because "we do not believe [interest in enforceability of statute in general] to be cognizable as a substantial legal interest to warrant intervention by right" and "[w]ithout these sorts of limitations on the legal interest required for intervention, Rule 24 would be abused as a mechanism for the over-politicization of the judicial process").

The Proposed Intervenors argue that they have a unique interest in the outcome of this case because, unlike the non-partisan Plaintiff civil-rights organizations or Defendant LaRose (who, despite being a Republican elected official, has a duty to administer Ohio's election laws without regard to party), they have a specific interest in electing Republicans and in "preventing changes to the 'competitive environment' before the election."  But these interests are not implicated in this case.  Rather, this case concerns the administrative procedures by which *all* eligible Ohio voters may exercise their fundamental right to vote safely by applying for and submitting absentee ballots in the upcoming election. Organizational Plaintiffs are non-partisan entities with memberships that include Republicans, members of other parties, and unaffiliated voters. The relief that Plaintiffs seek would benefit all Ohio voters regardless of party.  Either Ohio voters are entitled to the constitutional protections alleged in the Complaint or they are not. It is irrelevant to the constitutional question for which party the voters intend to vote.  Moreover, it is beyond dispute that a significant percentage of the voters of all parties are likely to vote absentee in the November general election due to the COVID-19 pandemic.  All voters-regardless of political party—will benefit from the opportunity to vote safely during the pandemic without fear of putting their health at risk by voting in person.  Thus, regardless of how

4

this case is resolved, there is no basis to claim that the Proposed Intervenors' partisan interests will be affected.

The remaining interests cited by the Proposed Intervenors are likewise insufficient to justify intervention either as of right or permissively. Proposed Intervenors cite a broad, generalized interest "in ensuring that Ohio runs free and fair elections according to Ohio law." Mot. at 3. Such generalized interests in ensuring the integrity of Ohio's elections shared broadly by all members of the public are not "unique to the proposed intervenor," *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013), and are thus not "sufficiently specific . . . to be cognizable" for intervention, *Sokaogon Chippewa Cmty. v. Babbitt*, 2014 F.3d 941, 948 (7th Cir. 2000). For this reason, Courts regularly deny intervention to political parties and/or candidates for office when they have raised only a generalized interest in the case. *See League of Women Voters of Mich. v. Johnson*, No. 2:17-cv-14148, 2018 WL 3861731, at *2 (E.D. Mich. Aug. 14, 2018) (denying intervention as of right to elected officials in constitutional challenge to state's redistricting laws); *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 397 (W.D. Wis. 2015) (denying intervention by legislators, voters, and local election officials in challenge to various Wisconsin election laws).

## B.   The Proposed Intervenors Have Not Shown That Defendant Will Not Adequately Represent Their Interests.

To determine adequacy of representation under Rule 24(a), the Sixth Circuit considers (1) whether there is collusion between the representative and an opposing party; (2) whether the representative fails in the fulfillment of his duty; and (3) whether the representative has an interest adverse to the proposed intervenor. *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227–28 (6th Cir. 1984). "Proposed intervenors bear the burden of demonstrating inadequate representation." *Purnell v. City of Akron*, 925 F.2d 941, 949–50 (6th Cir. 1991).

5

"When a proposed intervenor and an existing party to the suit share the same ultimate objective in the litigation, courts presume that the existing party adequately represents the intervenor's interests." *State v. U.S. E.P.A.*, 313 F.R.D. 65, 68–69 (S.D. Ohio 2016) (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)).  Here, the Proposed Intervenors' objective is the same as that of Defendant LaRose:  to defend Directive 2020-16 as valid, enforceable, and not in violation of Plaintiffs' or other voters' constitutional rights.  Thus, the Proposed Intervenors do not and cannot "overcom[e] the presumption of adequacy of representation" that arises where, as here, the proposed intervenor and party to the suit have the same ultimate objective." *Purnell*, 925 F.2d at 949–50.

## II.     The Court Should Deny Permissive Intervention.

Under Federal Rule of Civil Procedure 24(b), a court may permit intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b).  Even where a proposed intervenor meets the threshold requirements of Rule 24(b), a court has discretion to deny permissive intervention.  *See Retiree Support Grp. of Contra Costa Cty. v. Contra Costa Cty.*, 315 F.R.D. 318, 323 (N.D. Cal. 2016) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998)).

Permissive intervention would prejudice Plaintiffs by interjecting partisan politics into this non-partisan case focused on whether Directive 2020-16 unconstitutionally burdens the fundamental right to vote of all eligible Ohio citizens in the context of the COVID-19 pandemic and issues with the United States Postal Service by restricting the availability and accessibility of mail-in voting as a safe alternative to in person voting, without justification.  Moreover, granting permissive intervention would risk opening the litigation to similar motions by other political parties and partisan interest groups.  To prevent delay, undue complication, and prejudice to

6

Plaintiffs' right to vote safely in the upcoming election, the Court should deny permissive intervention as well.  *See League of Women Voters of Mich.*, 2018 WL 3861731, at *2 (denying permissive intervention to elected officials because "[a]ny delay caused by Applicants' intervention would be undue in light of Applicants' lack of cognizable interest in this matter").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion to intervene of Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee.[2]

Dated:  September 14, 2020                    Respectfully submitted,

*/ James Schuster /*
James Schuster (Ohio Bar No. 0065739)
JSA LLP
2355 Bellfield Ave.
Cleveland Heights, OH 44106
Telephone: (216) 882-9999
jschuster@OHcounsel.com

Jon Greenbaum
Ezra D. Rosenberg
Pooja Chaudhuri
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

Subodh Chandra (Ohio Bar No. 0069233)
Donald P. Screen (Ohio Bar No. 0044070)
Brian D. Bardwell (Ohio Bar No. 0098423)
THE CHANDRA LAW FIRM LLC

---

[2] To the extent that intervention is granted, Plaintiffs respectfully request an enhancement in their page limit to respond to two separate opposition briefs from the State and Intervenors.

1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Telephone: (216) 578-1700
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

Freda J. Levenson (Ohio Bar No. 0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Avenue
Cleveland, Ohio 44103
Telephone: (216) 472-2220
flevenson@acluohio.org

David J. Carey (Ohio Bar No. 0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
Telephone: (614) 586-1972 x2004
dcarey@acluohio.org

Neil A. Steiner (pro hac vice forthcoming)
Mariel Bronen
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10019
Telephone: (212) 689-3500
neil.steiner@dechert.com

Erik Snapp
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
erik.snapp@dechert.com

Lindsey B. Cohan
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 394-3000
lindsey.cohan@dechert.com

Theodore Yale
DECHERT LLP

8

Cira Centre, 2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 994-4000
theodore.yale@dechert.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2020, a true and correct copy of the foregoing was furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filling to all counsel of record.

*/ James Schuster /* _____