**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE, OF OHIO, ET AL., | ) CASE NO. 1:20-CV-01908 ) |
| Plaintiffs, | ) JUDGE DAN AARON POLSTER |
| vs. | ) ) <u>**OPINION AND ORDER**</u> |
| FRANK LAROSE, | ) ) |
| Defendant. | ) |

Before the Court is the Motion to Intervene of Donald J. Trump for President, Inc., the Ohio Republican Party, The Republican National Committee, and the National Republican Congressional Committee (collectively, "Intervenors"). Doc. #: 18. Plaintiffs oppose the Motion. Doc. #: 23. Defendant has not taken a position.

Plaintiffs are non-partisan civil rights organizations and individual voters challenging Defendant Ohio Secretary of State Frank LaRose's Directive 2020-16, which prohibits Ohio counties from installing a ballot drop box at any location other than a county board of elections. Doc. ##: 1, 13. Plaintiffs assert no Ohio statute limits drop boxes to a single location at the county board of elections or requires LaRose to impose such limitations. Doc. #: 13 at 1. Plaintiffs further claim that regardless of whether a statute authorizes LaRose's action,[1] the prohibition in Directive

---

[1] The Secretary relies on Ohio Revised Code §§ 3509.04 and 3509.05 as the authority for this limitation. Section 3509.04 provides that when the director of a board of elections receives a completed absentee ballot application, the director is required to send the voter an absentee ballot with a pre-printed envelope addressed to "the official title and post-office address of the director." Section 3509.05 provides an elector may mail or "personally deliver [a ballot] to the director" and does not specify a location for delivery.

2020-16 is unconstitutional as applied to the November 3, 2020 election, in light of the fears and risks related to voting in person during the ongoing COVID-19 pandemic, and the concerns regarding timely delivery of absentee ballots by the United States Postal Service. Plaintiffs ask this Court to declare that those provisions, and the Directive, infringe the fundamental right to vote, in violation of the First and Fourteenth Amendments to the United States Constitution. Doc. ##: 13, 17.

Intervenors move to intervene as party defendants, first as of right, under Federal Rule of Civil Procedure 24(a) and, alternatively, as permitted under Rule 24(b). If the Court finds that permissive intervention is appropriate, it does not need to address whether intervention under Rule 24(a) is required in this case. *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).[2]

Rule 24(b) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Before allowing permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Intervention may be subject to appropriate conditions or restrictions imposed by the Court. *See United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (citing Advisory Committee Note to the 1966 amendment of Rule 24); *Beauregard, Inc. v. Sword Servs. LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997).

Plaintiffs do not dispute that Intervenors have a defense that shares a common question of law or fact in the main action. Instead, Plaintiffs argue permissive intervention would prejudice them by interjecting partisan politics into this case and would cause complications and delay.[3] The

---

[2] The Court notes, however, it is unlikely that Intervenors can satisfy 24(a) because the Secretary can adequately represent their interests.
[3] Plaintiffs claim delay may result from similar motions to intervene by other parties and partisan groups. However, Rule 24 allows intervention only on *timely* motion, and since briefs are due tomorrow and next Monday, and the

2

Court recognizes Plaintiffs' concerns regarding inserting partisan politics into this non-partisan case. The interpretation and constitutionality of the statute at issue should not be partisan issues. Plaintiffs do not claim Directive 2020-16 or O.R.C. §§ 3509.04 and 3509.05 treat voters or candidates unequally based on partisan affiliation, nor could they. It is unfortunate that in today's highly charged atmosphere, nearly every dispute over voting procedures is cast in a partisan light, but that makes it incumbent that a court addressing such a dispute take every step possible to insure that its procedures will be perceived by all to be fair and impartial.

Accordingly, the Court will allow permissive intervention under Rule 24(b). The Court is imposing the following conditions, to avoid prejudice and delay, and to ensure this non-partisan case remains a non-partisan case:

- Intervenors shall adhere to the established briefing schedule. The Court has already granted Intervenors' request for leave to file a response to Plaintiffs' motion for preliminary injunction by the established deadline for Defendant to respond, **no later than noon on September 16, 2020**.

- Intervenors shall confine their written submissions to the issues in Plaintiffs' Complaint and motion for preliminary injunction: whether Ohio Rev. Code §§ 3509.04 and 3509.05 prohibit a county board of elections from providing a secure ballot drop box at any location other than the board of elections headquarters;[4] and, if so, whether §§ 3509.04, 3509.05, and Directive 2020-16 are unconstitutional as applied to the November 3, 2020 general election.

---

hearing is Wednesday, September 23rd, it is highly unlikely the Court would find any future motions to intervene timely filed.

[4] The Court notes that earlier today, in the Franklin County Court of Common Pleas, Judge Frye issued an opinion concluding that neither O.R.C. § 3509.05 nor any other statute support the Secretary's prohibition on boards of elections providing ballot boxes at locations other than boards of elections.

3

- Intervenors shall cooperate in the discovery process and are prohibited from initiating independent discovery.
- The Court will allow Intervenors to make brief, non-duplicative arguments at the hearing, but Intervenors may not examine witnesses or present their own witnesses.

Accordingly, the Motion, Doc. #: 18, is **GRANTED**. The Clerk is directed to file Intervenors' Answer attached to the Motion at Exhibit D. Intervenors shall file their brief in opposition to Plaintiffs' motion for a preliminary injunction **no later than noon on September 16, 2020**.

**IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster  September 15, 2020**
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**