# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE OF OHIO *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK LAROSE, in his official capacity as Secretary of State of Ohio, <br><br> Defendant. | Civil Action No. 1:20-cv-01908 <br><br> Judge Dan Aaron Polster |

## ANSWER OF DONALD J. TRUMP FOR PRESIDENT, INC., THE OHIO REPUBLICAN PARTY, THE REPUBLICAN NATIONAL COMMITTEE, AND THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE

Intervenor-Defendants Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee (the "Republican Committees") respectfully answer Plaintiffs' Complaint. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

1. The allegations that Directive 2020-16 "unconstitutionally burdens Plaintiffs' right to vote" or will cause votes to be "suppressed" are legal conclusions that do not require a response. To the extent one is required, the Republican Committees deny the allegations. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and so deny them.

2. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and so deny them.

3. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and so deny them.

4. Plaintiffs' description of Directive 2020-16 is a legal conclusion that does not require a response. To the extent any response is required, Directive 2020-16 speaks for itself. The Republican Committees deny any allegation in Paragraph 4 inconsistent with its provisions. The Republican Committees deny the remaining allegations in Paragraph 4.

5. The allegation that Directive 2020-16 "substantially burdens Plaintiffs' and their members' constitutional right to vote" is a legal conclusion that does not require a response. To the extent one is required, the Republican Committees deny the allegation. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 and so deny them.

6. The allegations that Directive 2020-16 "unlawfully favors" certain voters and "substantially burdens all Ohioans" are legal conclusions that do not require a response. To the extent one is required, the Republican Committees deny the allegations. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 and so deny them.

7. The Republican Committees deny that Directive 2020-16 operates as an "obstacle" for voters. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and so deny them.

8. The allegation that Defendant has "burdened and threatened" the "fundamental right to vote" is a legal conclusion that does not require a response. To the extent one is required, the Republican Committees deny the allegation. The Republican Committees are without

knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 and so deny them.

9. Paragraph 9 states legal conclusions that do not require a response. To the extent one is required, the caselaw quoted and cited in Paragraph 9 speaks for itself.

10. The Republican Committees admit that Plaintiffs seek the relief described. The Republican Committees deny that Plaintiffs are entitled to the relief requested.

**JURISDICTION AND VENUE**

11. The Republican Committees admit that Plaintiffs purport to bring this suit under 42 U.S.C. §§ 1983 and 1988 and allege violations of the First and Fourteenth Amendments.

12. Paragraph 12 states legal conclusions that do not require a response. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 12.

13. The Republican Committees admit that Defendant Frank LaRose is the Secretary of State of Ohio and that Plaintiffs purport to sue him in his official capacity. Paragraph 13 otherwise states a legal conclusion that does not require a response.

14. Paragraph 14 states a legal conclusion that does not require a response. To the extent a response is required, the Republican Committees do not contest venue and deny any remaining allegations in Paragraph 14.

15. Paragraph 15 states a legal conclusion that does not require a response.

**PARTIES**

16. The Republican Committees admit that A. Philip Randolph Institute of Ohio is a state chapter of the A. Philip Randolph Institute, a national organization for African-American trade unionists and community activists. As to the remaining allegations in Paragraph 16, the

Republican Committees are without knowledge or information sufficient to form a belief about the truth of such allegations and so deny them.

17. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and so deny them.

18. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and so deny them.

19. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and so deny them.

20. The Republican Committees admit that League of Women Voters of Ohio is a membership organization affiliated with the League of Women Voters of the United States. As to the remaining allegations in Paragraph 20, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of such allegations and so deny them.

21. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and so deny them.

22. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and so deny them.

23. The Republican Committees admit that the Ohio State Conference of the NAACP is a membership organization that serves as an arm of the National Association for the Advancement of Colored People. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 and so deny them.

24. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and so deny them.

25. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and so deny them.

26. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and so deny them.

27. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and so deny them.

28. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and so deny them.

29. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and so deny them.

30. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and so deny them.

31. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and so deny them.

32. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and so deny them.

33. The Republican Committees admit that Defendant LaRose is Ohio's Secretary of State and that Plaintiffs purport to sue him in his official capacity. Paragraph 33 otherwise states legal conclusions that do not require a response. To the extent one is required, Ohio law addressing the Secretary of State's duties and authority, including Ohio Revised Code §§ 3501.04, 3501.05,

3501.053, and Ohio Administrative Code § 111:3-1-01, speaks for itself. The Republican Committees deny any allegation in Paragraph 33 inconsistent with these provisions.

34. Paragraph 34 states legal conclusions that do not require a response. To the extent one is required, Ohio law addressing the Secretary of State's duties and authority, including Ohio Revised Code § 3501.04, speaks for itself. The Republican Committees deny any allegation in Paragraph 34 inconsistent with these provisions.

## FACTUAL ALLEGATIONS

35. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and so deny them.

36. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and so deny them.

37. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and so deny them.

38. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and so deny them.

39. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and so deny them.

40. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and so deny them.

41. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and so deny them.

42. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and so deny them.

43. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and so deny them.

44. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and so deny them.

45. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and so deny them.

46. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and so deny them.

47. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and so deny them.

48. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and so deny them.

49. The Republican Committees deny that Defendant LaRose has "taken away" any voter's ability to engage in absentee voting. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49 and so deny them.

50. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and so deny them.

51. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and so deny them.

52. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and so deny them.

53. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and so deny them.

54. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and so deny them.

55. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and so deny them.

56. Plaintiffs' description of Directive 2020-16 is a legal conclusion that does not require a response. To the extent one is required, Directive 2020-16 speaks for itself. The Republican Committees deny any allegation in Paragraph 56 inconsistent with its provisions. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 and so deny them.

57. The Republican Committees admit that a ballot drop box "provides voters an alternate method to return their absentee applications and absentee ballots" and that voters "drop off their absentee applications and ballots in sealed and signed envelopes in a designated secure drop box." The remainder of Paragraph 57 states legal conclusions that do not require a response. To the extent one is required, the Republican Committees deny the remaining allegations in Paragraph 57.

58. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and so deny them.

59. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and so deny them.

60. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and so deny them.

61. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and so deny them.

62. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and so deny them.

63. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and so deny them.

64. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and so deny them.

65. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and so deny them.

66. Paragraph 66 states legal conclusions that do not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.02(B), speaks for itself. The Republican Committees deny any allegation in Paragraph 66 inconsistent with these provisions.

67. Paragraph 67 states legal conclusions that do not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.03(A), speaks for itself. The Republican Committees deny any allegation in Paragraph 67 inconsistent with these provisions.

68. Paragraph 68 states legal conclusions that do not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.03(A), speaks for itself. The Republican Committees deny any allegation in Paragraph 68 inconsistent with these provisions.

69. Paragraph 69 states legal conclusions that do not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.05(A), speaks for itself. The Republican Committees deny any allegation in Paragraph 69 inconsistent with these provisions.

70. Paragraph 70 states legal conclusions that do not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.05(B), speaks for itself. The Republican Committees deny any allegation in Paragraph 70 inconsistent with these provisions.

71. Plaintiffs' description of the reasons an election official can reject an absentee ballot is a legal conclusion that does not require a response. To the extent one is required, Ohio law regarding absentee voting, including Ohio Revised Code § 3509.06(D)(3)(b), speaks for itself. The Republican Committees deny any allegation in Paragraph 71 inconsistent with these provisions. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 and so deny them.

72. The allegation that "a confluence of events," including the issuance of Directive 2020-16, "substantially burdens" the right to vote is a legal conclusion that does not require a response. To the extent one is required, the Republican Committees deny the allegation. The

Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72 and so deny them.

73. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and so deny them.

74. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and so deny them.

75. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and so deny them.

76. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and so deny them.

77. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and so deny them.

78. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and so deny them.

79. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and so deny them.

80. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and so deny them.

81. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and so deny them.

82. The allegation that Directive 2020-16 "significantly burdens" voters is a legal conclusion that does not require a response. To the extent one is required, the Republican

Committees deny the allegation. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 82 and so deny them.

83. The allegation that Directive 2020-16 "significantly burdens" voters is a legal conclusion that does not require a response. To the extent one is required, the Republican Committees deny the allegation. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83 and so deny them.

84. The allegation that voters will be "disenfranchised" without additional drop boxes is a legal conclusion that does not require a response. To the extent one is required, the Republican Committees deny the allegation. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84 and so deny them.

## FIRST CAUSE OF ACTION

85. The Republican Committees incorporate their responses to the preceding paragraphs.

86. Paragraph 86 states legal conclusions that do not require a response. To the extent one is required, the caselaw quoted and cited in Paragraph 86 speaks for itself.

87. Paragraph 87 states legal conclusions that do not require a response. To the extent one is required, the caselaw quoted and cited in Paragraph 87 speaks for itself.

88. The Republican Committees deny the allegations in Paragraph 88.

89. The Republican Committees deny the allegations in Paragraph 89.

## SECOND CAUSE OF ACTION

90. The Republican Committees incorporate their responses to the preceding paragraphs.

91. Paragraph 91 states legal conclusions that do not require a response. To the extent one is required, the Fourteenth Amendment and the caselaw cited in Paragraph 91 speak for themselves.

92. The Republican Committees deny the allegations in Paragraph 92.

93. The Republican Committees deny the allegations in Paragraph 93.

94. The Republican Committees deny the allegations in Paragraph 94.

95. The Republican Committees deny the allegations in Paragraph 95.

**PRAYER FOR RELIEF**

(1) The Republican Committees deny the allegations in Paragraph (1) and deny that Plaintiffs are entitled to the relief requested.

(2) The Republican Committees deny the allegations in Paragraph (2) and deny that Plaintiffs are entitled to the relief requested.

(3) The Republican Committees deny the allegations in Paragraph (3) and deny that Plaintiffs are entitled to the relief requested.

(4) The Republican Committees deny the allegations in Paragraph (4) and deny that Plaintiffs are entitled to the relief requested.

(5) The Republican Committees deny the allegations in Paragraph (5) and deny that Plaintiffs are entitled to the relief requested.

(6) The Republican Committees deny the allegations in Paragraph (6) and deny that Plaintiffs are entitled to the relief requested.

(7) The Republican Committees deny the allegations in Paragraph (7) and deny that Plaintiffs are entitled to the relief requested.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Republican Committees assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to allege sufficient facts upon which a claim for relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert their claims in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

**CONCLUSION**

The Republican Committees respectfully request that the Court (1) dismiss Plaintiffs' claims with prejudice and enter judgment for Defendants; (2) deny Plaintiffs' prayer for relief; and (3) grant other such relief as the Court may deem proper.

Dated: September 10, 2020	Respectfully submitted,

s/ *Christopher M. McLaughlin*
Christopher M. McLaughlin (0078186)
E-mail: cmmclaughlin@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

John M. Gore*
E-mail: jmgore@jonesday.com
E. Stewart Crosland*
E-mail: scrosland@jonesday.com
Stephen J. Kenny*
E-mail: skenny@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Attorneys for Proposed Intervenor-Defendants*

**Pro hac vice* application forthcoming