# IN THE COURT OF APPEALS OF OHIO
## TENTH APPELLATE DISTRICT
## FRANKLIN COUNTY

| | | |
|---|---|---|
| OHIO DEMOCRATIC PARTY, *et al.*, | : | Case No. 20-AP-432 |
| | : | ACCELERATED |
| *Plaintiffs-Appellees*, | : | CALENDAR |
| | : | |
| v. | : | On appeal from the |
| | : | Court of Common Pleas |
| FRANK LAROSE, in his official | : | Franklin County |
| capacity as Ohio Secretary of State, | : | |
| *Defendant-Appellant*. | : | Case No. 20-CV-5634 |

| | | |
|---|---|---|
| OHIO DEMOCRATIC PARTY, *et al.*, | : | Case No. 20-AP-432 |
| | : | ACCELERATED |
| *Plaintiffs-Appellees*, | : | CALENDAR |
| | : | |
| v. | : | |
| | : | On appeal from the |
| FRANK LAROSE, in his official | : | Court of Common Pleas |
| capacity as Ohio Secretary of State, | : | Franklin County |
| *Defendant-Appellee* | | |
| OHIO REPUBLICAN PARTY, | | Case No. 20-CV-5634 |
| *Intervenor-Appellant* | | |

## OHIO SECRETARY OF STATE FRANK LAROSE'S OPENING MERITS BRIEF

DAVE YOST (0056290)
Ohio Attorney General

BENJAMIN M. FLOWERS* (0095284)
Ohio Solicitor General
 *Counsel of Record*

*(counsel listing continued on next page)*

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

STEPHEN P. CARNEY (0063460)
Deputy Solicitor General
BRIDGET C. COONTZ (0072919)
HALLI BROWNFIELD WATSON
(0082466)
Assistant Attorneys General
30 E. Broad Street, 17th Floor
Columbus, Ohio 43215
Tel: 614-466-8980
Fax: 614-466-5087
Bflowers@OhioAttorneyGeneral.gov

*Counsel for Ohio Secretary of State Frank
LaRose*

Exhibit A

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................ii

ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW ...............v

ISSUES PRESENTED FOR REVIEW .........................................vi

INTRODUCTION.................................................................... 1

LAW AND ARGUMENT .......................................................... 6

   I.    The plaintiffs are not entitled to a preliminary injunction. ......... 7

      A.    The Secretary will prevail on the merits. ............................. 8

         1.    The Ballot Delivery Law allows a county board of elections to accept absentee ballots at a dropbox only if the dropbox is installed at the board's office. ................. 9

         2.    This case does not present the sort of concrete controversy that declaratory-judgment actions require............................................................... 19

         3.    The plaintiffs would not be entitled to injunctive relief even if the Ballot Delivery Law permitted the use of multiple dropbox locations.................................... 23

      B.    The remaining preliminary-injunction factors all favor the Secretary. .................................................... 25

   II.    The plaintiffs were not entitled to a declaratory judgment........ 29

CONCLUSION ....................................................................... 30

CERTIFICATE OF SERVICE ........................................................ 31

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Exhibit A

# TABLE OF AUTHORITIES

**Cases**                                                  **Page(s)**

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

*Abbott v. Perez,*
 138 S. Ct. 2305, 201 L. Ed. 2d 714 (2018) ......................................... 27

*Arnott v. Arnott,*
 132 Ohio St. 3d 401, 2012-Ohio-3208, 972 N.E.2d 586 ..................... 29

*City of Toledo v. State,*
 154 Ohio St. 3d 41, 2018-Ohio-2358............................................. 26, 27

*Coal. to Defend Affirmative Action v. Granholm,*
 473 F.3d 237 (6th Cir. 2006) ............................................................ 27

*State ex rel. Colvin v. Brunner,*
 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979 ............. 9, 13, 17

*Garono v. State,*
 37 Ohio St.3d 171, 524 N.E.2d 496 (1988) .......................................... 7

*State ex rel. Hodges v. Taft,*
 64 Ohio St.3d 1, 591 N.E.2d 1186 (1992) .......................................... 24

*Horsely v. United Ohio Ins. Co.,*
 58 Ohio St.3d 44, 567 N.E.2d 1004 (1991) ........................................ 12

*JPMorgan Chase Bank, N.A. v. Liggins,*
 No. 15AP-242, 2016-Ohio-3528 (10th Dist.)........................................ 7

*In re Lord Balt. Press, Inc.,*
 4 Ohio St. 2d 68, 212 N.E.2d 590 (1965)........................................... 12

*State ex rel. Lucas Cty. Republican Party Executive Commt. v.
 Brunner,*
 125 Ohio St.3d 427, 2010-Ohio-1873, 928 N.E.2d 1072 .....................17

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

*Mays v. LaRose*,
    951 F.3d 775 (6th Cir. 2020) ............................................. 15, 26, 27, 29

*State ex rel. McCann v. Delaware Cty. Bd. of Elections*,
    155 Ohio St.3d 14, 2018-Ohio-3342, 118 N.E.3d 224 .........................17

*McConnell v. Hunt Sports Enters.*,
    132 Ohio App.3d 657, 725 N.E.2d 1193 (10th Dist. 1999) ............ 21, 22

*Ohio Ass'n of Pub. Sch. Emples. (OAPSE) v. Sch. Emples. Ret. Sys.*,
    No. 19AP-288, 2020-Ohio-3005 (10th Dist.) ........................ 20, 21, 22

*Ohio Democratic Party v. Husted*,
    834 F.3d 620 (6th Cir. 2016) ............................................................ 26

*Powerex Corp. v. Reliant Energy Servs.*,
    551 U.S. 224, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007) .................... 12

*Purcell v. Gonzalez*,
    549 U.S. 1, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) ................................ 28

*Rust v. Lucas Cty. Bd. of Elections*,
    108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766 ................... 9, 13

*State rel. Herman v. Klopfeisch*,
    72 Ohio St.3d 581, 651 N.E.2d 995 (1995) ...................................... 9, 13

*Vanguard Transp. Sys. v. Edwards Transfer & Storage Co. Gen. Commodities Div.*,
    109 Ohio App.3d 786, 673 N.E.2d 182 (10th Dist. 1996) .................... 7

*Youngstown City Sch. Dist. Bd. of Educ. v. State*,
    ____ Ohio St.3d ____, 2020-Ohio-2903 ............................................ 18

*Youngstown City Sch. Dist. Bd. of Educ. v. State*,
    2018-Ohio-2532 (10th Dist.) ............................................................ 8

Exhibit A

**Statutes**

R.C. 119.12 ................................................................ 19

R.C. 3501.05 .............................................................. 23

R.C. 3501.11 ....................................................... 22, 23, 24

R.C. 3509.01 .............................................................. 26

R.C. 3509.03 ................................................................ 3

R.C. 3509.04 ............................................................ 3, 12

R.C. 3509.05 ........................................................ *passim*

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

## ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW

**Assignment of Error No. 1:**  The trial court erred by issuing the declaratory judgment in this case, as the court wrongly declared that the Ballot Delivery Law, R.C. 3509.05, allows county boards of elections to install as many dropboxes as they like in as many places as they like. (Declaratory Judgment Opinion ("DJ Op.") R.176, at 29.))

**Assignment of Error No. 2:**  The trial court erred in enjoining the Secretary of State's Directive 2020-16.  (Preliminary Injunction Entry ("PI Op.") R.186, at 3.))

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Exhibit A

## ISSUES PRESENTED FOR REVIEW

**1.** The Ballot Delivery Law, R.C. 3509.05(A), says that absentee voters may either "mail" or "personally deliver" their ballots "to the director" of their counties' boards of elections.  The law specifies that the absentee voter's ballot "shall be transmitted to the director in no other manner."  The Secretary of State determined that voters may "personally deliver" a ballot "to the director" by leaving a ballot in a dropbox at the director's office—in other words, a dropbox at the county board of elections.  But the Secretary determined that delivering a ballot to a dropbox located elsewhere *did not* constitute "personal[] deliver[y] … to the director."  The Secretary therefore issued Directive 2020-16, which permits the county boards of elections to accept ballots left at dropboxes only if the dropbox is installed at a county board of elections. Did the Secretary's Directive unreasonably interpret the Ballot Delivery Law?

(Issue 1 relates to Errors 1 and 2.)

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

**2.**  The plaintiffs in this case sued for a declaration that non-party county boards of elections have a legal right to install as many dropboxes as the boards like, wherever the boards wish.  Did the Franklin County Court of Common Pleas err when it awarded a declaratory judgment as to the rights of the non-party county boards of elections?

(Issue 2 relates to Errors 1 and 2.)

**3.**  R.C. 3501.05(B) empowers the Secretary of State to issue directives "as to the proper methods of conducting elections."  Even if the Ballot Delivery Law permits the installation of multiple dropboxes, can Directive 2020-16 be upheld as a permissible exercise of the Secretary's authority to provide election guidance through directives?

(Issue 3 relates to Error 2.)

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

## INTRODUCTION

This is a case about the power of all three branches:  legislative, executive, and judicial.  The legislative branch has the power to make law. It exercised that power by enacting the "Ballot Delivery Law," R.C. 3509.05(A), which gives absentee voters two options for turning in their ballots:  they may either "mail" or "personally deliver" their ballots "to the director" of their county board of elections.  The executive branch has the power to implement the laws the General Assembly passes.  The Secretary of State, a member of the executive branch, did that by issuing a directive that allows every county board of elections to accept "personal[] deliver[y]" of absentee ballots at a dropbox located at the board of elections (and nowhere else).  The judiciary, for its part, has the power to apply the law in resolving concrete cases and controversies.  This case asks whether the Court of Common Pleas exceeded its lawful authority by enjoining the Secretary's directive and by permitting county boards of elections, for the first time ever, to install and accept absentee ballots at as many dropboxes in as many locations as they like.

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

The answer to that question is "yes."  The Secretary correctly, or at least *reasonably*, interpreted the Ballot Delivery Law to permit boards of elections to install an absentee-ballot dropbox *only* at the county board of elections.  The lower court thus exceeded its lawful authority when it enjoined the Secretary's directive.  What is more, *even if* the lower court correctly interpreted the Ballot Delivery Law, the court exceeded its lawful authority for two other, independent reasons.  First, it issued a declaratory judgment in the absence of any concrete dispute between the parties.  Second, it overlooked the fact that, even if the Ballot Delivery Law *permits* the installation of dropboxes other than those at a board of elections, it does not *require* their installation.  As a result, Directive 2020-16 constitutes a valid exercise of the Secretary's power to issue directives regarding the carrying out of elections.

To be clear, this case is not about whether more dropboxes are a good or bad idea.  Instead, this case is about whether the Ballot Delivery Law entitles county boards of elections to install as many dropboxes as they want, wherever they want.  It does not.  Nor does the Directive, by

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

allowing the use of only those dropboxes installed at a county board of elections, violate any law.  The Court should leave the policy debate to the policymaking branches, and reverse the decision below.

## STATEMENT OF THE CASE AND FACTS

**1.**  Under Ohio's expansive system of no-fault absentee voting, every voter, without needing a reason, may request a ballot from his county board of elections.  R.C. 3509.03.  Boards mail or deliver those ballots to voters, along with "an unsealed return envelope upon the face of which shall be printed the official title and post-office address of the director."  R.C. 3509.04(B).

Starting on October 6, 2020—a full twenty-eight days before Election Day—voters may return completed absentee ballots to their county boards.  The "Ballot Delivery Law," R.C. 3509.05, dictates the process for doing so.  It says, in relevant part:

> The elector shall mail the identification envelope to the director from whom it was received in the return envelope, postage prepaid, or the elector may personally deliver it to the director, or [various specified relatives] may deliver it to the director.  The return envelope shall be transmitted to the direc-

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

tor in no other manner, except as provided in section 3509.08 of the Revised Code.

R.C. 3509.05(A).  Breaking this down, voters have two options for returning absentee ballots.  They can either:  (1) "mail" those ballots "to the director"; or (2) "personally deliver" them "to the director."  *Id*. There is "no other manner" by which voters may return ballots.  *Id*.

Conspicuously absent from this statute is anything about "drop-boxes"—the colloquial name for secure receptacles at which voters may leave their completed ballots for pickup by election officials.  *See* DJ Op., R.176, at 29 (opining that the statute does not say "whether drop boxes are permitted under Ohio Law, or if so how many").  The absence is conspicuous because the General Assembly expressly required dropboxes in one election.  Its COVID-19 relief bill, 2020 Am.Sub.H.B. 197, contained a temporary provision, applicable only to the 2020 primary, that *required* each board to install and use a dropbox.  *Id*. §32(C); (E)(1).

Secretary LaRose, wishing to continue something like the practice called for in the primary, issued Directive 2020-016 on August 12, 2020.

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

That directive instructs all Ohio boards to continue using the dropboxes that were installed for the primary.  The Secretary determined that boards could use these dropboxes while still complying with the Ballot Delivery Law.  Delivery to a dropbox located *at the board's office*, he determined, constituted a method of "personally deliver[ing]" a ballot "to the director."  R.C. 3509.05(A).  At the same time, the Secretary determined that the Ballot Delivery Law *did not* allow voters to return ballots to additional dropboxes located elsewhere.  Delivering a ballot to a dropbox located anywhere other than the board of elections, the Secretary reasoned, would not constitute "personally deliver[ing]" the ballot "to the director," and therefore would not be a proper form of delivery under the Ballot Delivery Law.

**2.**  Then came this case.  The Ohio Democratic Party and Lewis Goldfarb—collectively, "ODP"—sued in the Franklin County Court of Common Pleas.  ODP's complaint included a single count: it asked for a declaratory judgment announcing that the Ballot Delivery Law allows (but does not require) county boards of elections to install dropboxes in

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

as many places in their counties as they like.  Compl., ¶¶52–60, Prayer for Relief ¶1, R.6.  And although the only cause of action ODP raised was one for a declaratory judgment, it asked the trial court, in its prayer for relief, to enjoin the Secretary's Directive forbidding the installation of dropboxes anywhere other than a county board of elections.  *Id.* ¶2.

The trial court ruled in ODP's favor, declaring that Ohio law allows (but does not require) county boards to install dropboxes at as many locations as they wish.  DJ Op., R.176, at 29.  It then determined that the Directive violated the law by allowing county boards of elections to install dropboxes only at their offices.  *Id.*  On this basis, the trial court enjoined the Directive.  PI Op., R.186, at 3. The court stayed its own order pending appeal.  *Id.* at 3–4.

## LAW AND ARGUMENT

The common pleas court erred when it enjoined the Secretary's Directive and it erred in issuing a declaratory judgment.  This Court should vacate the injunction and reverse.

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

## I.     The plaintiffs are not entitled to a preliminary injunction.

In deciding whether to grant a preliminary injunction, courts must

consider four factors:

> 1) whether there is a substantial likelihood that plaintiff will
> prevail on the merits; 2) whether plaintiff will suffer irrepara-
> ble injury if the injunction is not granted; 3) whether third par-
> ties will be unjustifiably harmed if the injunction is granted;
> and 4) whether the public interest will be served by the injunc-
> tion.

*Vanguard Transp. Sys. v. Edwards Transfer & Storage Co. Gen. Commodi-*

*ties Div.*, 109 Ohio App.3d 786, 790, 673 N.E.2d 182 (10th Dist. 1996).

"[T]he party seeking the preliminary injunction must establish a right to

the preliminary injunction by showing clear and convincing evidence of

each element of the claim."  *Id.*  The decision to grant a preliminary in-

junction is reviewed for abuse of discretion.  *Garono v. State*, 37 Ohio

St.3d 171, 173, 524 N.E.2d 496 (1988) (citation omitted).  But "no court

has the authority, within its discretion, to commit an error of law."

*JPMorgan Chase Bank, N.A. v. Liggins*, No. 15AP-242, 2016-Ohio-3528,

¶18 (10th Dist.) (quotation marks and citation omitted).  Thus, the

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Court must review the common pleas courts' legal determinations *de novo. Youngstown City Sch. Dist. Bd. of Educ. v. State*, No. 17AP-775, 2018-Ohio-2532 ¶8 (10th Dist.).

The trial court erred in awarding a preliminary injunction:  the Secretary is not only *likely* to prevail on the merits, he prevails on the merits as a matter of law.  And the remaining factors all militate against the grant of a preliminary injunction, too.

## A.    The Secretary will prevail on the merits.

The Secretary will prevail on the merits for three independent reasons.  *First*, the Secretary's Directive reasonably interprets the Ballot Delivery Law and is therefore binding.  *Second*, even if the Directive misinterpreted the Ballot Delivery Law, ODP failed to allege or establish necessary elements of a declaratory-judgment action—the only type of action it brought in this case.  *Finally*, even if ODP is correct that the Ballot Delivery Law *allows* the use of numerous dropboxes at numerous locations in each county, it failed to prove that the Secretary lacked the power to issue a directive limiting the use of dropboxes.

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

1. **The Ballot Delivery Law allows a county board of elections to accept absentee ballots at a dropbox only if the dropbox is installed at the board's office.**

**a.** The Ballot Delivery Law permits county boards of elections to install a dropbox *only* at the county board of elections' office. In other words, the Secretary's Directive correctly interpreted the Ballot Delivery Law. At the very least, the statute is ambiguous on this score and the Secretary's interpretation is reasonable. That reasonable interpretation is entitled to deference. *State rel. Herman v. Klopfeisch*, 72 Ohio St.3d 581, 586, 651 N.E.2d 995 (1995); *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶57; *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶13.

This case begins and ends with the text of the Ballot Delivery Law, R.C. 3509.05. The statute permits voters to return completed absentee ballots in only two ways. *First*, they may "mail" their ballots "to the director from whom it was received." *Second*, voters "may personally deliver" ballots "to the director." *Id*. This case concerns the second option. More precisely, it presents the question whether depositing an ab-

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

sentee ballot in a dropbox constitutes "personally deliver[ing]" the ballot "to the director." The answer is a qualified "yes": a voter who puts a ballot in a dropbox "personally deliver[s]" that ballot "to the director" *if and only if* the dropbox is located at the county board of elections.

To see why, begin with the observation that delivery "to the director" permits the use of dropboxes in at least *some* circumstances. After all, personal delivery "to the director" does not entail a face-to-face exchange: people often accept deliveries by allowing an agent (like a mailroom clerk) to do so, or by allowing the delivery to be left at a specific place on their property (like a key drop at a car-rental business). So the concept of delivery is perfectly consistent with the use of dropboxes.

But the ability to use dropboxes does not equal the unfettered discretion to place a dropbox anywhere in the county. And the Ballot Delivery Law is best read to allow delivery to a dropbox at just *one place* in the county: the office of the county board of elections. This follows for two main reasons.

First, this reading accords with the natural meaning of "personally

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

deliver." One does not "deliver" an item to someone by leaving it in a location to be picked up later. If an auto-body shop repairs a car, and if the owner is made to pick up the car in a parking lot, one would not describe the car as having been "personally delivered" to the owner. Nor would a shopper who picks up an item ordered online and left for him at a store describe the item as having been "personally delivered" to him. That is because saying that something was "personally delivered" generally suggests that the delivered item was brought *directly* to its recipient, not to some agreed-upon place from which the recipient will later retrieve it. In this context, direct delivery "to the director" requires direct delivery to the director's office—in other words, the county board of elections' office. Ballots left anywhere else, including off-site dropboxes, are not "personally delivered … to the director," but rather left for the director to retrieve at a later date.

This reading also gives meaning to the requirement that ballots be delivered "to the director." That phrase appears nine times in the Ballot Delivery Law. The law states that ballots may be mailed "to the di-

Exhibit A

rector" or personally delivered "to the director," and lays out various regulations regarding the timing and nature of the mailing and delivery "to the director."  R.C. 3509.05(A) & (B).  When the General Assembly uses the exact same phrase numerous times in the same statute, the phrase usually carries an identical meaning on each occasion.  *See In re Lord Balt. Press, Inc.*, 4 Ohio St. 2d 68, 73, 212 N.E.2d 590 (1965); *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 232, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007); *see also Horsely v. United Ohio Ins. Co.*, 58 Ohio St.3d 44, 46, 567 N.E.2d 1004 (1991).  That principle matters here, because "to the director" means *to the director's official address* when it is used in reference to mail.  After all, R.C. 3509.04 requires each director to pre-print her official address on the return envelope with which the absentee ballot is included:  that is where the director is located, and so that is the address to which ballots mailed "to the director" must be sent.  R.C. 3509.05(A).  A voter using the mail cannot scratch out that address and mail the ballot to the director's personal home, or to the director's vacation home, or to anywhere else.  If the only way to mail a

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

ballot "to the director" is to send it to her official address, then it stands to reason that the only way to "personally deliver" a ballot "to the director" is to personally deliver it to her official address. *Id*. The director may allow an agent at the board to accept the ballot on her behalf, and she may set up a dropbox at the board at which people can leave the ballot. Still, the only way to bring the ballot "to the director" is to bring it to her official address—the county board of elections.

Put all this together and it follows that a county board of elections may accept ballots at a dropbox *only if* that dropbox is located at the board of elections' office. At the very least, the Secretary's interpretation is reasonable. And that reasonable interpretation is owed significant deference. *Herman*, 72 Ohio St.3d at 586; *Colvin*, 120 Ohio St.3d 110, ¶57*; Rust*, 108 Ohio St.3d 139, ¶13.

**b.** The Court of Common Pleas' contrary decision does not withstand scrutiny. The core of the court's textual analysis reads as follows: "It is also plain that delivery or transmission of an absentee ballot can be accomplished using a drop box that puts the ballot securely into the cus-

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

tody of the director of a board of elections, or by actually handing the ballot over to the director face-to-face, or delivering it to his or her staff." DJ Op., R.176, at 21.  The opinion continues:  "No statute says that delivery must occur with only one box per county," and no "statute says that delivery would be improper to a drop box controlled by a board and placed at a safe location separate and apart from the main board office." *Id*.  "The statute is silent on such matters.  The Secretary cannot slip new words into the law."  *Id*.

The Court should reject this argument.  It is hardly "plain," *id*., that one can "personally deliver" a ballot to the director anywhere and in any way.  Does anyone really think "personal[] delivery" to the director includes "actually handing the ballot over to the director" when the director is off premises and not working?  Can voters follow the director and toss their ballots into the director's car at a red light?  Can they drop the ballot in the director's grocery cart at the food store?  Does leaving a ballot on the director's lawn constitute personal delivery?  No, no, no, and no:  in the context of the Ballot Delivery Law, to "personally deliv-

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

er" a ballot "to the director" is to bring it *to the director's place of work*. No English speaker who left a ballot in a dropbox miles from the board of elections' office would say that he "personally delivered" his ballot "to the director." So while the court accused the Secretary of erring by "slip[ping] new words into the law," it was actually the court that erred by omitting from the law words that it contains. *See id*.

The court attempted to bolster its logic with a series of truisms. For example: "The right to vote, and to have every vote counted, is fundamental in American democracy." DJ Op., R.176, at 22. Very true. But this case is not about whether anyone has the right to vote, it is about where they may cast the vote. Even before the 2020 primary (the one and only election during which Ohio law mandated the use of dropboxes) federal courts acknowledged that "Ohio is generous when it comes to absentee voting—especially when compared to other states." *Mays v. LaRose*, 951 F.3d 775, 779-80 (6th Cir. 2020). Every voter in Ohio will have ample opportunity to cast a vote and to have that vote counted without regard to the number or location of dropboxes per county.

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

The next truism comes in the form of a statement recognizing that elections must be carried out with a mind to the "equal protection and dignity due each Ohio absentee voter."  DJ Op., R.176, at 23.  Again, very true.  But again, this observation does nothing to support the trial court's ruling.  Allowing eighty-eight boards of elections to adopt entirely different dropbox rules all but assures that voters *will not* be treated equally.  Some will have access to numerous dropboxes that they can reach with only a short drive, while others will have access to just one dropbox that might require a lengthy drive.

The trial court further supported its appeal with its own independent research into recommendations by the U.S. Election Assistance Commission, which suggests the use of dropboxes.  DJ Op., R.176, at 25–27.  This lengthy discussion regarding the wisdom of dropboxes is irrelevant for present purposes.  Whether dropboxes make good policy is a question for the General Assembly, not the courts.  If the General Assembly decides to mandate the installation of numerous dropboxes in numerous locations in every county, it may do so, as it did for the 2020

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

primary.  As of today, the General Assembly has declined to enact such a law for the 2020 General Election.

One final note:  the trial court seemed to be under the misimpression that the Secretary's interpretation of the Ballot Delivery Law is "reasonable" only if it makes good sense as a policy matter.  *See* DJ Op., R.176, 12–13, 25.  Not so.  The question in this case is whether the Ballot Delivery Law permits county boards of elections to install dropboxes anywhere other than the office of a county board of elections.  The answer to that question turns on the statutory text, not the wisdom of the policy choices that motivated its passage.  And whether the Secretary's interpretation is "reasonable" turns on whether it is a fair reading of the Ballot Delivery Law, not whether the reading produces effects that the judiciary thinks wise, as the discussion in cases reviewing the Secretary's interpretations suggest.  *See, e.g.*, *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, 118 N.E.3d 224, ¶20; *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner*, 125 Ohio St.3d 427, 2010-Ohio-1873, 928 N.E.2d 1072, ¶23; *Colvin*, 120

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Ohio St.3d 110, ¶57. Ohio law contains no freestanding "reasonableness review"; our Constitution requires that courts leave the policymaking to the policymakers in the legislative and executive branches. *See Youngstown City Sch. Dist. Bd. of Educ. v. State*, ____ Ohio St.3d ____, 2020-Ohio-2903, ¶24.

For this reason, the trial court erred by repeatedly discussing the issues in this case as though they presented a policy dispute rather than a dispute about the meaning of the Ballot Delivery Law. For example, the trial court deemed the Directive "arbitrary and unreasonable," DJ Op., R.176, at 29, and it insisted that "[a]llowing additional drop boxes is plainly sensible public policy," *id.* at 25. What is more, the Court mistakenly demanded *factual* evidence relating to the policy or "wisdom" of dropboxes, saying that the "factual record contains no evidence from which one can reasonably question the wisdom of allowing local boards of elections to consider additional ballot drop boxes," *id.* at 25, and insisting that "the Secretary must demonstrate some basis in fact" for the Directive. *Id.* at 23. All that amounts to a policy disagreement. (And

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

not much of a disagreement: the Secretary has said that he would prefer for the General Assembly to exercise *its* power to authorize dropboxes in numerous locations in every county. *See* Motion to Quash, Ex. B, R.127.) This is not an administrative appeal under R.C. 119.12, under which agency actions can be reviewed for sufficient factual evidence. Instead, this is a case about the meaning of the Ballot Delivery Law, and the reasonableness of the Secretary's interpretation. Whether the courts agree with the resulting policy is quite irrelevant.

>    **2.    This case does not present the sort of concrete controversy that declaratory-judgment actions require.**

ODP alleged just one cause of action: it sought a declaratory judgment. But one critical element of a declaratory-judgment action is missing in this case: there is no concrete controversy *between the parties*. Thus, the declaratory-judgment action necessarily fails as a matter of law. The trouble for ODP is that it did not bring any other cause of action. Because its only cause of action fails, the Secretary will prevail on the merits.

Exhibit A

**a.**  Ohio's Declaratory Judgment Act "is remedial in nature; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations and it is to be liberally construed and administered."  *Ohio Ass'n of Pub. Sch. Emples. (OAPSE) v. Sch. Emples. Ret. Sys.,* No. 19AP-288, 2020-Ohio-3005, ¶24 (10th Dist.) (citing *Swander Ditch Landowners' Ass'n v. Joint Bd. of Huron and Seneca Cty. Commrs.,* 51 Ohio St.3d 131, 134, 554 N.E.2d 1324 (1990); *Radaszewski v. Keating,* 141 Ohio St. 489, 496, 49 N.E.2d 167 (1943)). "The essential elements for declaratory relief are: (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *OAPSE*, 2020-Ohio-3005, ¶25 (citing *Aust v. Ohio St. Dental Bd.*, 136 Ohio App. 3d 677, 681, 737 N.E.2d 605 (10th Dist. 2000)).

Because of the "real controversy" requirement, parties cannot obtain declaratory judgments pertaining to academic debates.  To the contrary, and "'in keeping with the longstanding tradition that a court does not render advisory opinions, [the declaratory judgment statutes] allow

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

the filing of a declaratory judgment only to decide an actual controversy, the resolution of which will confer certain rights or status upon the litigants.'" *Id.* at ¶26 (quoting *Mid-Am. Fire & Cas. Co. v. Heasley,* 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶9 (2007)) (additional citation and quotation marks omitted).  Thus, declaratory-judgment actions fail as a matter of law if "there is no real controversy or justiciable issue between the parties," or if "the declaratory judgment will not terminate the uncertainty or controversy."  *McConnell v. Hunt Sports Enters.,* 132 Ohio App.3d 657, 681, 725 N.E.2d 1193 (10th Dist. 1999) (citing *AEI Group Inc. v. Ohio Dept. of Commerce,* 67 Ohio App.3d 546, 550, 587 N.E.2d 889 (10th Dist. 1990)).  ODP's claim fails this test.

*First*, there is no real controversy between ODP and the Secretary.  ODP sued for a declaration that 88 non-parties—Ohio's county boards of elections—*may* install dropboxes in locations other than their offices for the 2020 election.  No party claims that boards *must* install these dropboxes, or that voters, candidates, or political parties have a *right* to such dropboxes.  Instead, ODP sued for a declaration of the county

Exhibit A

boards' rights; it would like, as a policy matter, for the *boards* to have the freedom to install multiple dropboxes in multiple locations.  But the contrary policy does not create "a real controversy between the parties" to this case, nor does ODP seek to "preserve the rights of the parties." *OAPSE*, 2020-Ohio-3005, ¶25 (citing *Aust*, 136 Ohio App. 3d at 681). Instead, ODP is suing to resolve a supposed controversy between the Secretary and *non-party* county boards of elections.  Because ODP failed to allege that *its own* rights are at issue here, it has no valid basis for seeking a declaratory judgment.

*Second*, and relatedly, "the declaratory judgment will not terminate the uncertainty or controversy."  *McConnell,* 132 Ohio App.3d at 681. Even if the Directive were enjoined, the bipartisan county boards would still have to decide whether to install additional dropboxes.  In the event of a 2-2 partisan tie, the Secretary would need to break the deadlock. R.C. 3501.11(X).  Perhaps some boards would choose to install more dropboxes.  Still, the declaratory judgment itself will not, and cannot, "terminate the uncertainty" regarding whether multiple dropboxes will

in fact be installed.  *Id.*

**b.**    The Court of Common Pleas never seriously grappled with this problem.  It recognized that the law does not *compel* the installation of multiple dropboxes in multiple locations per county, DJ Op., R.176, at 29, so it should have recognized that this case presents no controversy regarding *the parties*' rights.  Still, it ruled for ODP on ODP's lone claim. It erred.

### 3.    The plaintiffs would not be entitled to injunctive relief even if the Ballot Delivery Law permitted the use of multiple dropbox locations.

The plaintiffs would not be entitled to an injunction even if they were right that the Ballot Delivery Law *permitted* the installation of multiple dropboxes at multiple locations.  The reason is that the Secretary of State is empowered to issue directives that assure the uniform application of election law across Ohio.  Under R.C. 3501.05(B), the Secretary "shall" issue "directives and advisories … to members of the boards as to the proper methods of conducting elections."  The "content" of these directives and advisories "is discretionary," and the discretion lies

with the Secretary. *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 8, 591 N.E.2d 1186 (1992). While the Secretary lacks authority to direct boards to conduct elections in a manner that violates the law, he may direct them to choose one of many options for *complying with* the law. Secretaries have long done so, setting, for example, uniform statewide schedules for early in-person voting hours. *See* Directive 2019-28. The General Assembly reinforced the Secretary's power to direct the boards by empowering boards to "[m]ake and issue rules and instructions" only if those rules and instructions are "not inconsistent with law or the *rules, directives, or advisories issued by the secretary of state*." R.C. 3501.11(E) (emphasis added).

This defeats ODP's entitlement to injunctive relief. ODP's sole argument all along has been that the Ballot Delivery Law "does not limit" the number of or locations in which dropboxes may be installed. In other words, ODP argues the law allows, without *requiring*, the installation of additional dropboxes. *See* DJ Op., R.176, at 29. If that is right, however, then county boards of elections *comply with* the Ballot Delivery

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

Law when they install a dropbox only at the director's office.  In other words, Directive 2020-16 orders county boards to act in a manner that is consistent with, even if not compelled by, the Ballot Delivery Law.  It follows that the Directive is legally valid even if ODP is right about the meaning of the Ballot Delivery Law, and that the Directive must therefore be upheld.

The trial court never grappled with this problem.  Indeed, it informed the Secretary that it would not hold ODP to the allegations in its complaint.  Sept. 9 Status Conference Transcript, R.193, 10:18–11:7.  Had it done so, it would have had no choice but to deny the preliminary injunction:  even assuming the truth of every allegation in the complaint, and even assuming ODP is correct as to its sole legal theory (that the Ballot Delivery Law *permits* the use of multiple dropboxes in multiple locations), the Directive is legal.

## B.  The remaining preliminary-injunction factors all favor the Secretary.

ODP's loss on the merits ends the preliminary-injunction inquiry;

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

courts may not properly enjoin other branches of government from lawfully carrying out their duties. *See City of Toledo v. State*, 154 Ohio St. 3d 41, 2018-Ohio-2358, ¶¶15–16 (courts cannot "employ equitable principles to circumvent valid legislative enactments" (quotation omitted)). Regardless, once the legality of the Directive is established, it follows that ODP cannot satisfy any of the other preliminary-injunction factors.

***Irreparable harm.*** ODP will not be irreparably harmed by Directive 2020-16. "There is no dispute that Ohio is generous when it comes to absentee voting—especially when compared to other states." *Mays*, 951 F.3d at 779–80. Indeed, "Ohio is a national leader when it comes to early voting opportunities," including absentee-voting opportunities. *Ohio Democratic Party v. Husted*, 834 F.3d 620, 623 (6th Cir. 2016). Voters may vote early in-person for approximately a full month before Election Day, and they may mail in their absentee ballots, too. R.C. 3509.01(B)(3); R.C. 3509.05(A). Given these options, there is no reason to think that *anyone* who wishes to cast a vote will be prevented from doing so. Indeed, while ODP says that four counties have used

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

dropboxes since 2016, Compl. ¶¶27–29, R.6, most Ohioans never had them until this year's primary, and Ohio still managed to win the praise from federal courts quoted above.   Perhaps it is true that some voter somewhere may "fall ill in October, procrastinate, forget to mail their ballot, have no postage stamp, or experience other life events requiring the last-minute safety valve of one or more ballot drop boxes."   DJ Op., R.176, at 17.   But every voter can avoid these unlikely contingencies by voting early. *See Mays*, 951 F.3d at 785–86.

***Harms to other parties and the public interest.***   The Secretary, Ohio voters, and the public interest will be harmed if the Secretary's Directive is wrongfully enjoined.   Courts always cause irreparable harm to government officials and actors when they wrongly prohibit them from exercising their lawful authority.   *See Abbott v. Perez*, 138 S. Ct. 2305, 2324, 201 L. Ed. 2d 714 (2018); *cf. City of Toledo*, 154 Ohio St. 3d 41, ¶¶15–16.   And they harm the public interest, too, as the public interest is always served by allowing elected officials to implement laws enacted by the People's representatives.   *See Coal. to Defend Affirmative Action v.*

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

*Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) (per Sutton, J.).

Awarding an injunction at this late date contravenes the public interest for other reasons, too.  For months, county boards of elections have known that the temporary legislation permitting the use of drop-boxes in the 2020 primary would not apply to the upcoming election. Given that, and given the Secretary's August 12 Directive, many county boards and voters have prepared to administer an election, and vote in the election, without multiple dropbox locations.  Changing the rules at this late date is sure to sow confusion regarding what is, and what is not, a permissible way to vote.  For that very reason, late-in-the-day injunctions like the one issued here are disfavored.  "Court orders affecting elections … can themselves result in voter confusion and consequent incentive to remain away from the polls.  As an election draws closer, that risk will increase." *Purcell v. Gonzalez*, 549 U.S. 1, 4–5, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) (*per curiam*).  What is more, the lead-up to an election is an incredibly busy time, during which election officials and the Secretary must complete numerous "tasks necessary to preserving the integri-

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

ty of the election process, maintaining a stable political system, preventing voter fraud, and protecting public confidence." *Mays*, 951 F.3d at 787. The courts ought not add to those burdens by enjoining a lawful order.

*

The common pleas court erred in enjoining the Directive. This Court should vacate the injunction.

## II.   The plaintiffs were not entitled to a declaratory judgment.

Appellate courts review *de novo* the legal conclusions on which a declaratory judgment is based. *Arnott v. Arnott*, 132 Ohio St. 3d 401, 401–02, 2012-Ohio-3208, 972 N.E.2d 586, ¶1. As the foregoing shows, the trial court's reading of the Ballot Delivery Law fails as a matter of law. As such, it erred in issuing a declaratory judgment holding that the Ballot Delivery Law permits the installation of multiple dropboxes at multiple locations.

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

## CONCLUSION

The Court should vacate the injunction and reverse for all the reasons laid out above.  But if it affirms, the Secretary respectfully asks the Court to leave in place the stay currently in effect so that the Secretary may seek prompt review in the Supreme Court of Ohio.  Additionally, the Secretary respectfully asks this Court to issue a decision by September 30, so that the parties have time to seek further review in the Supreme Court of Ohio before voters start to return absentee ballots. Those ballots will be sent to voters beginning October 6.

Respectfully submitted,

STEPHEN P. CARNEY (0063460)
Deputy Solicitor General
BRIDGET C. COONTZ (0072919)
HALLI BROWNFIELD WATSON (0082466)
Assistant Attorneys General
30 E. Broad Street, 17th Floor
Columbus, Ohio 43215

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Benjamin M. Flowers*

BENJAMIN M. FLOWERS* (0095284)
Ohio Solicitor General
 *Counsel of Record*
30 E. Broad Street, 17th Floor
Columbus, Ohio 43215
Tel: 614-466-8980
Fax: 614-466-5087
Bflowers@OhioAttorneyGeneral.gov

*Counsel for Defendant-Appellant Frank LaRose, Secretary of State*

Exhibit A

Franklin County Ohio Court of Appeals Clerk of Courts- 2020 Sep 21 7:52 AM-20AP000432

## CERTIFICATE OF SERVICE

I hereby certify that on this September 21, 2020, this brief was filed

electronically, and served by email and by mail upon:

DEREK S. CLINGER
McTigue & Colombo LLC
545 E. Town St.
Columbus, Ohio 43215
Tel: 614-263-7000
dclinger@electionlawgroup.com

*Counsel for Plaintiffs-Appellees*


EDWARD M. CARTER
Jones Day
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
emcarter@jonesday.com

*Counsel for Intervenors*



*/s/ Benjamin  M. Flowers*
BENJAMIN M. FLOWERS

Exhibit A