# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **A. PHILIP RANDOLPH INSTITUTE,** | ) | **CASE NO.  1:20-CV-01908** |
| **OF OHIO, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE DAN AARON POLSTER** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **FRANK LAROSE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Each citizen is guaranteed the right to vote confidentially and without intimidation, and to have his or her ballot counted. In this country, elections are regulated by the States, so it is the job of the state legislature to promulgate statutes that establish the basic ground rules. In Ohio, it is the job of the Secretary of State to develop procedures and directives and to work with the 88 county boards of election so that all of our citizens may vote easily, safely, and securely. These procedures should be done well in advance of the election to favor enfranchisement and ensure that registered voters can exercise their right to vote. Ideally, judges – state or federal – should not have to get involved with these procedures.

This year has been unlike any other year. Nothing is normal. Since March, the country has been gripped by the COVID-19 pandemic. The pandemic has had a particularly devasting impact upon Americans of color. The record in this case has established that at least 2.4 million Ohioans will likely request absentee ballots for the November 3, 2020 election. The representative from the board of elections of three highly populated counties who testified at the September 23 hearing, Cuyahoga, Franklin, and Hamilton, all stated that requests for absentee ballots have far surpassed the number recorded at comparable times in previous Presidential elections. The pandemic has

been cited as one of the reasons for this increase as many people are justifiably fearful about going into crowds, particularly inside.

At the same time, many Americans are anxious about the ability of the U.S. Postal Service to handle the unprecedented volume of election mail that is anticipated. While the Postmaster General has assured everyone that things will be fine, two federal judges have recently stepped in to enjoin the U.S. Postal Service from implementing procedural changes that they found would adversely impact the delivery of ballots.[1] Even Defendant Secretary of LaRose has recently been quoted as saying he is "cautiously optimistic" about the ability of the U.S. Postal Service to adequately deliver election mail, which is hardly a ringing endorsement.[2]

All parties to this litigation acknowledge that Ohio law, in particular ORC 3509.05, does not refer in any way to drop boxes. Voters are given two options to return completed absentee ballots:  US mail or personal delivery to the board of elections. The evidence established that some Ohio boards have utilized drop boxes situated on board property to receive ballots since at least 2012.[3] The Secretary of State never questioned this practice, and it was never challenged in court. The first time that drop boxes became essential was for the 2020 primary, which was extended by the Governor just before the final day of voting on March 17. On March 25, 2020, the Ohio General Assembly passed an emergency bill, HB 197. On March 27, 2020, Governor DeWine signed HB 197 into law, which by its terms applied only to the 2020 primary election. That bill was the first time the legislature mentioned drop boxes, mandating that each board of elections place a secure

---

[1] *See Washington v. Trump et al.*, 2020 WL 5568557 (E.D. Wash. Sept. 17, 2020); *Jones v. United States Postal Serv.*, No. 20cv6516, Doc #: 49 (S.D.N.Y. Sept. 21, 2020).
[2] Kenneth P. Vogel et al., *Postal Service and Officials Feud Over Mail Voting as Election Looms*, N.Y. Times (Sept. 16, 2020), https://www.nytimes.com/2020/09/16/us/politics/postal-service-mail-voting.html.
[3] Doc #: 13-8, Chappell Decl. ¶ 10; Doc #: 13-9, Schuster Decl. Ex. A at ¶ 10.

drop box on board premises to receive ballots. This was essential because Governor DeWine placed the state on lockdown, so boards didn't have normal business hours. The drop boxes were therefore the only way a voter who did not want to use the mail could return his ballot. HB 197, by its express terms, expired on April 28, at the close of voting for the primary election.

For the next several months there were considerable public discussions about what procedures would be in place for the November 3 Presidential election. This issue became more critical because as the pandemic continued and anxiety grew over the Postal Service's performance, it became apparent that a large number of Ohio voters would opt to personally deliver their ballots in November. The Ohio legislature chose not to address this issue. Secretary LaRose publicly stated that he was in favor of off-site drop boxes but was unsure whether Ohio law permitted the personal delivery of ballots to a site other than the board office.[4] Ultimately, he requested an opinion from the Ohio Attorney General as to whether boards could and would use drop boxes, both on-site and off-site. Doc #: 73-8. On August 11, prior to receiving any ruling, he withdrew his request. Doc #: 13 at 6 n.11. The next day, August 12, Secretary LaRose issued Directive 2020-16, which is the subject of this litigation. In that Directive, he mandated that each board continue to use, for the November 3 general election. the secure on-site drop box that it had used in the primary, and he expressly prohibited any board from installing a drop box at any other site. This litigation ensued, along with a parallel lawsuit in the Franklin County Court of Common Pleas.

Voting begins on October 6, which is 11 days (7 business days) from now. The legislature could have determined shortly after the April 28 primary whether drop boxes would be used for

---

[4] Doc #: 34, Pls' Reply at 8 n.4 (citing Janet Rogers, *Secretary of State Answers Questions About More Secure Drop Boxes*, 21 WFMJ (Aug. 30, 2020), https://www.wfmj.com/story/42564719/secretary-of-state-answers-questions-about-more-secure-ballot-drop-boxes-warren-oh); Doc #: 73-1.

the November election, whether on-site, off-site, or both. Once the legislature declined to act, Secretary LaRose could have issued any directive on the subject in time to allow boards to implement the procedures and to permit any possible litigation over the directive to conclude well before the election. If he felt he needed clarification on the legality of adding more drop box locations from the Attorney General, it was his prerogative to seek it, but all that could have been done well before the election. August 12 was far too late to issue Directive 2020-16.

But no judge can control what has occurred before a case is filed. This Court has moved this case forward as quickly as possible once Plaintiffs filed their motion for preliminary injunction on September 4. Following briefing and depositions of witnesses, the preliminary injunction hearing began September 23 at 9:30 am and concluded at 9:30 pm, and then the Court heard two hours of oral argument the morning of September 24.

After due deliberation, the Court has determined the following:

1.  At a minimum, the Organizational Plaintiffs have standing to bring this lawsuit.

2.  Plaintiffs are not seeking an injunction requiring any County board of elections to utilize off-site drop boxes or a procedure permitting off-site return of ballots. Rather, they seek to enjoin that portion of Directive 2020-16 that prohibits boards from implementing such practices. No court should consider issuing an injunction without substantial evidence that the injunction would remedy the documented harm, here the alleged burden on the constitutional right to vote.

3.  The record shows that the Cuyahoga County board's physical layout cannot accommodate the large number of voters who are expected to descend upon board headquarters at E.30th and Euclid on election day and the days immediately before to access the drop box in the middle of its parking lot. The Court credits the testimony of

4

board member Inajo Chappell and expert witness Dr. Daniel Chatman that predicted the massive traffic jam and delay will likely lead to many voters giving up and losing their ability to vote. Dr. Chatman also testified that many urban voters, who are disproportionately people of color and low income, do not have cars, and that it would take them more than two hours round trip by public transportation to get to the sole drop box at the board offices. The Cuyahoga County board therefore voted on September 14 to implement a system of off-site ballot delivery. Board employees would go to six public libraries on pre-announced days (every Tuesday, Thursday, and Saturday between October 13 and 31, from 12:00-6:00 pm) to receive completed ballots.[5] The board employees would then return the ballots to the board office. A few hours after the vote, the Secretary of State sent an e-mail to the board prohibiting them from implementing this plan until instructed otherwise by the Secretary of State. Doc #: 73-22. The e-mail referred to Ohio's voting statutes and to the pending state and federal litigation. *Id.*

4.  The Secretary of State believes that Ohio law forbids the off-site delivery of ballots, and that when he prohibited off-site drop boxes in Directive 2020-16, he was merely instructing the boards to follow the law. *See generally* Doc # 71-2, Appellate Brief of Secretary Frank LaRose, *Ohio Democratic Party, et al. v. Frank LaRose*, Ohio 10th Dist. No. 20AP-432.

5.  The construction of a state statute is first and foremost a matter for the state courts, and the Ohio courts are in the process of doing so. Judge Frye of the Franklin County Court

---

[5] Doc #: 73-13, *Ohio Secretary of State Halts Cuyahoga County Plan for Library Ballot Sites*, ideastream.org (Sept. 14, 2020), https://www.ideastream.org/news/ohio-secretary-of-state-halts-cuyahoga-county-plan-for-library-ballot-sites.

of Common Pleas ruled on September 15 that Ohio statutes do not prohibit off-site drop boxes, and he held further that Directive 2020-16 was therefore arbitrary and unreasonable. *Ohio Democratic Party, et al. v. Frank LaRose, Secretary of State, et al.*, Case No. 20 CV 5634, (Franklin Cty. Common Pleas Ct. Sept. 15, 2020). For the reasons stated on the record, the Court agrees with Judge Frye's conclusion that nothing in state law prohibits off-site drop boxes or off-site delivery of ballots to board employees. The Secretary has appealed Judge Frye's ruling, and the 10th District Court of Appeals held oral argument yesterday, September 24. Should the highest state court to consider this issue uphold Judge Frye's decision striking the limitation imposed by Directive 2020-16 on off-site delivery of ballots, this case will become moot.

6. A federal judge should address questions of constitutionality only as a last resort. *See Rosenberg v. Fleuti*, 374 U.S. 449, 451 (1963). If there are sound reasons to avoid or to delay taking such a step, that is what a federal judge should do.

7. The evidence Plaintiffs presented at the September 23 hearing of the looming crisis facing Cuyahoga County voters was not rebutted. As the Court stated on September 24, this is a problem that can and should be solved by the Secretary of State. It is his job to work with each board to address any local issue that significantly impacts voters in that county being able to cast their ballots. We are all doing things during this pandemic that we never did before, and hopefully we won't need to do these things a year from now. Emergencies require urgent and creative solutions.

8. Accordingly, the Court is holding in abeyance any ruling on Plaintiffs' motion for a preliminary injunction to see if the conclusion of the state litigation moots this case. In the meantime, the Court orders the Secretary of State to work closely with the

Cuyahoga County board of elections to develop and implement a plan to alleviate the looming crisis for voters who plan to personally deliver their ballots for the November 3 election rather than returning them by mail. Further, the Secretary of State is ordered to file a report on those efforts by 4:00 pm on September 30, 2020.

9. Plaintiffs' motion for preliminary injunction remains pending, and this Court will not hesitate to issue future orders should it deem them necessary.


**IT IS SO ORDERED.**


**/s/ Dan Aaron Polster  September 25, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**