# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

---

A. PHILIP RANDOLPH INSTITUTE OF OHIO, et al.,

        Plaintiffs,

v.

FRANK LAROSE, in his official capacity as Secretary of State of Ohio,

        Defendant.

Case No. 1:20-cv-01908

Hon. Dan Aaron Polster

---

## PLAINTIFFS' NOTICE OF OHIO 10TH DISTRICT COURT OF APPEALS DECISION IN *OHIO DEMOCRATIC PARTY V. LAROSE*

The Ohio 10th District Court of Appeals rendered its decision yesterday, October 2, 2020, in *Ohio Democratic Party v. LaRose*, No. 20AP-432.  The decision is attached as Exhibit A.  Consistent with this Court's oral ruling and Plaintiffs' position, the 10th District ruled that the Ohio Revised Code is silent on the issue of ballot drop box locations.  (*See* Exh. A at 10, 11)  The court further held that the Secretary of State had the authority under Ohio law to issue Directive 2020-16 but also has the authority to rescind it and allow county boards of election the discretion to utilize additional ballot drop box locations:

> Based on the foregoing reasons, we agree with the trial court that the Secretary of State's interpretation of R.C. 3509.05 is not reasonable and that the statute neither prescribes nor prohibits ballot drop boxes at locations other than the boards of elections. However, the trial court abused its discretion in granting a preliminary injunction against enforcement of the directive as the directive does not violate R.C. 3509.05. Thus, we find that while the Secretary was not statutorily required to limit the location of drop boxes, as he did in Directive 2020-16, he was also not statutorily required to allow for additional drop boxes. ***If the Secretary wants to permit additional drop boxes as allowed by statute, he has the authority to do so, and nothing in this decision prohibits him from rescinding Directive 2020-16 and issuing a new directive.*** Having overruled the Secretary of State's first assignment of error and ORP's first and second assignments of error, but having sustained

1

the Secretary of State's second assignment of error and ORP's third and fourth assignments of error, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas.

(*Id.* at 19 (emphasis added))

Plaintiffs' constitutional claims in this case remain intact.   Indeed, the 10th District in

*Ohio Democratic v. LaRose* said as much:

> We note there are other avenues of relief available to a party seeking to challenge a directive of the Secretary of State on grounds other than a statutory violation, among them a challenge to the directive's constitutionality, as is the subject of the federal case currently pending in the Northern District of Ohio, or an action seeking a writ of mandamus arguing the Secretary abused his or her discretion in issuing a directive. *See A. Philip Randolph Institute of Ohio v. LaRose*, N.D. Ohio No. 1:20-CV-01908, 2020 U.S. Dist. LEXIS 168667 (Sept. 15, 2020) (pending federal case asserting constitutional challenge to Directive 2020-16); *State ex rel. Skaggs v. Brunner*, 120 Ohio St.3d 506, 2008-Ohio-6333, ¶ 1 (granting requested writ of mandamus on the grounds that the secretary of state's directive was unreasonable).

(*Id.* 18 n.3).  Indeed, given the proximity of the November 3 election, there is an exigent need to resolve Plaintiffs' Motion for Preliminary Injunction as soon as possible.

Plaintiffs further attach as Exhibit B a Motion to Strike filed by Secretary LaRose in *Ohio Democratic Party v. LaRose* pertaining to the Secretary of State's approval of the second ballot drop-off location in Cuyahoga County.

Plaintiffs request a hearing to discuss these urgent issues with the Court at its earliest convenience.  Plaintiffs respectfully suggest that the Court schedule a hearing if it is available as soon as the afternoon on Monday, October 5, 2020, after Defendant files the reply ordered by the Court in its October 2, 2020 Order.

Finally, Plaintiffs are prepared to submit a proposed order regarding their Motion for Preliminary Injunction as well Proposed Findings of Fact and Conclusions of Law as soon as Monday, October 5, 2020.

Dated: October 3, 2020                Respectfully submitted,

/ James Schuster /
James Schuster (Ohio Bar No. 0065739)
JSA LLP
2355 Bellfield Ave.
Cleveland Heights, OH 44106
Telephone: (216) 882-9999
jschuster@OHcounsel.com

Jon Greenbaum
Ezra D. Rosenberg
Pooja Chaudhuri
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

Subodh Chandra (Ohio Bar No. 0069233)
Donald P. Screen (Ohio Bar No. 0044070)
Brian D. Bardwell (Ohio Bar No. 0098423)
THE CHANDRA LAW FIRM LLC
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Telephone: (216) 578-1700
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

Freda J. Levenson (Ohio Bar No. 0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Avenue
Cleveland, Ohio 44103
Telephone: (216) 472-2220
flevenson@acluohio.org

David J. Carey (Ohio Bar No. 0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
Telephone: (614) 586-1972 x2004
dcarey@acluohio.org

3

Neil A. Steiner (pro hac vice forthcoming)
Mariel Bronen
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas New York,
New York 10019 Telephone: (212) 689-
3500 neil.steiner@dechert.com

Erik Snapp
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
erik.snapp@dechert.com

Lindsey B. Cohan
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 394-3000
lindsey.cohan@dechert.com

Theodore E. Yale
DECHERT LLP
Cira Centre, 2929 Arch Street Philadelphia,
Pennsylvania 19104
Telephone: (215) 994-4000
theodore.yale@dechert.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, HEREBY, CERTIFY that on October 3, 2020, a true and correct copy of the foregoing, Plaintiffs' Notice of Ohio 10th District Court of Appeals Decision in *Ohio Democratic Party V. Larose,* was furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filling to all counsel of record.

Respectfully submitted,

*/ James Schuster /*
James Schuster (Ohio Bar No. 0065739)
JSA LLP
2355 Bellfield Ave.
Cleveland Heights, OH 44106
Telephone: (216) 882-9999
jschuster@OHcounsel.com