IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUE OF OHIO, et. al., : : : | |
| Plaintiffs : : | Case No. 1:20-cv-1908 |
| v. : : | Judge Dan Aaron Polster |
| FRANK LaROSE, in his official capacity as Ohio Secretary of State, : : : : | |
| Defendant. : | |

### DEFENDANT SECRETARY OF STATE'S SUPPLEMENTAL NOTICE AND OBJECTIONS

Defendant Secretary of State Frank LaRose provides this supplemental notice and objections in accordance with this Court's October 2, 2020 Order.

At issue in this case are (1) unstaffed drop boxes at locations other than each county's board of elections, and (2) Directive 2020-016. The Cuyahoga County Plan—which was never in evidence in this case—does not implicate either. Regardless, Secretary of State LaRose informed the Court that he approved the portion of the Cuyahoga County Plan that he believes comports with Ohio law—absentee ballot collection by bipartisan teams of Cuyahoga County Board of Elections employees in a lot

adjacent to the Board.[1] With this, Cuyahoga County will have one of the most expansive ballot collection procedures in the State of Ohio. And, this staffed location adjacent to the board will be in addition to 28 days of early in-person voting, absentee voting by mail, 24/7 access to a postage-free drop box (or boxes, if the Board so chooses) at the Cuyahoga County Board of Elections, and thirteen hours of Election Day voting at polling locations.

After the Secretary approved this portion of the Cuyahoga County Plan and after the Court issued its October 2, 2020 Order, Ohio's Tenth District Court of Appeals, on whose ruling this Court stated it was waiting (ECF No. 77, PageID 2265), held that under Ohio law the Secretary was neither statutorily required to allow, nor statutorily required to prohibit, additional drop boxes at locations other than the Board. *ODP v. LaRose*, 10th Dist. Nos. 20AP-432, 20AP-439 at 2 Ohio App. October 2, 2020). The same logic applies here. Nothing in Ohio law requires the Secretary to permit one county to provide more voting opportunities than are available in any other county. Further, nothing in Ohio law requires the Secretary to allow one Board to create out of whole cloth an entirely new off-site voting procedure for which there is no statutory basis.

---

[1] On October 5, 2020, Secretary of State LaRose issued Directive 2020-022 which permits any Ohio board of elections to adopt a similar plan for a staffed absentee ballot delivery location at the board of elections. The Directive can be found on the Secretary's website at: https://www.ohiosos.gov/globalassets/elections/directives/2020/dir2020-22.pdf

But more importantly, the Cuyahoga County Plan is not before this Court. At the time this case was filed, the Cuyahoga County Plan did not exist. The asserted claims were limited to offsite, unstaffed drop-boxes. The Complaint was never amended or supplemented to include the Cuyahoga County Plan. The Cuyahoga County Plan was *never* introduced into evidence. This is why when the Court referenced it in its order, it cited to a newspaper article discussing the Plan and not the Plan itself.

Quite simply, Plaintiffs have not asserted a claim with respect to the Cuyahoga County Plan; there is no case or controversy regarding it; and, this Court cannot unilaterally expand the scope of this case to include it. Notably, in one of Justice Ginsburg's last opinions, she wrote for a unanimous Supreme Court that the Ninth Circuit erred by ordering the parties to brief arguments beyond the scope of "the party-presented controversy[.]" *United States v. Sineneng-Smith*, ___U.S.___, 140 S.Ct. 1575, 1581 (2020). Her opinion recognized that, "[i]n our adversarial system of adjudication, we follow the principle of party presentation." *Id*. at 1579. Courts may not go out looking for issues to resolve; they may resolve only those issues brought before them by the parties. *Id*.

Focusing on the Cuyahoga County Board's Plan, which did not exist when this case was filed, and never was made a subject of this case by Plaintiffs, runs afoul of these principles. It would go far beyond the principle of party presentation to extend the issues framed by the Plaintiffs and award any relief relating to the Plan *in this case*.

3

As the Court is well-aware, any legal question regarding any decision by the Secretary is premised on whether the decision was *objectively* reasonable.  Defendants' counsel represented to the Court that the Secretary of State would continue to work with the Board of Elections to resolve the issue of potential congestion.  The Secretary of State did so in accordance with the duties of his Office.  Accordingly, the Secretary did exactly as he has represented to this Court.  Any theoretical dispute regarding his decisions in this regard as chief elections administrator of the State of Ohio is not the subject of this litigation.

    Respectfully submitted

    DAVE YOST
    Ohio Attorney General

    */s/ Bridget C. Coontz*
    BRIDGET C. COONTZ (0072919)

    */s/ Charles Miller*
    CHARLES MILLER (0073844)
    Deputy Chief Counsel
    *Counsel of Record*
    MICHAEL SLIWINSKI (0076728)
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    Bridget.coontz@ohioattorneygeneral.gov
    Charles.Miller@ohioattorneygeneral.gov
    Michael.Sliwinski@ohioattorneygeneral.gov

    *Counsel for Defendant Ohio Secretary of State Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Bridget. C. Coontz*
Bridget C. Coontz (0072919)
Chief, Constitutional Offices Section