UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE OF OHIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK LAROSE, in his official capacity as Secretary of State of Ohio, <br><br> Defendant. | Case No. 1:20-cv-01908 <br><br> Hon. Dan Aaron Polster |

**PLAINTIFFS' MOTION FOR RECONSIDERATION
OF OCTOBER 6, 2020 OPINION AND ORDER**

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiffs respectfully request that the Court reconsider its Opinion and Order, dated October 6, 2020, dismissing this case without prejudice. Dkt. No. 88. In turn, Plaintiffs request that the Court issue a ruling in favor of Plaintiffs on their Preliminary Injunction Motion. Dkt. No. 13. In the time since the October 6th Opinion and Order was entered, counsel for Defendant LaRose has clarified his position that, expressly contrary to this Court's interpretation, Directive 2020-22 does not allow county boards of election to conduct off-site ballot collection. Accordingly, the controversy between the parties remains, and an injunction remains appropriate.

**I.    Background**

On August 12, 2020, Defendant Frank LaRose issued Directive 2020-16, which states that "[b]oards of elections are prohibited from installing a drop box at any other location other than the board of elections." Exh. A, Ohio Sec'y of State, Directive 2020-16 (Aug. 12, 2020).

On August 26, 2020, Plaintiffs challenged Directive 2020-16 on the grounds that the Directive's prohibition on additional drop boxes[1] places unconstitutional burdens on Ohioans' right to vote and violates the Fourteenth Amendment's Equal Protection Clause.  Dkt. No. 1.  Plaintiffs filed a Motion for a Preliminary Injunction on September 4, 2020.  Dkt. No. 13. The Court held an evidentiary hearing on the Motion on September 23, 2020 and heard argument on September 24, 2020.

On September 25, 2020, the Court issued an Order "holding in abeyance any ruling on Plaintiffs' motion for a preliminary injunction to see if the conclusion of the state litigation moots this case."  Dkt. No. 77 at 6.  With respect to Cuyahoga County, the Court found that:

> The record shows that the Cuyahoga County board's physical layout cannot accommodate the large number of voters who are expected to descend upon board headquarters at E. 30th and Euclid on election day and the days immediately before to access the drop box in the middle of its parking lot.  The Court credits the testimony of board member Inajo Chappell and expert witness Dr. Daniel Chatman that predicted the massive traffic jam and delay will likely lead to many voters giving up and losing their ability to vote.  Dr. Chatman also testified that many urban voters, who are disproportionately people of color and low income, do not have cars, and that it would take them more than two hours round trip by public transportation to get to the sole drop box at the board offices. The Cuyahoga County board therefore voted on September 14 to implement a system of off-site ballot delivery.  Board employees would go to six public libraries on pre-announced days (every Tuesday, Thursday, and Saturday between October 13 and 31, from 12:00-6:00 pm) to receive completed ballots.  The board employees would then return the ballots to the board office.  A few hours after the vote, the Secretary of State sent an e-mail to the board prohibiting them from implementing

---

[1] The term "drop box" is used broadly by election officials to refer to any secure receptacle, unstaffed or staffed, by which voters are able to hand-deliver their absentee ballots to election officials.  *See* Exh. B, Pls. Exh. 8, McGuire Decl., at 16 ("A ballot drop box provides a secure and convenient means for voters to return their mail ballot. A drop box is a secure, locked structure operated by election officials where voters may deliver their ballots from the time they receive them in the mail up to the time polls close on Election Day. Ballot drop boxes can be staffed or unstaffed, temporary or permanent. Unstaffed drop boxes are typically available 24 hours a day and permanently anchored in place. Staffed drop boxes are typically available during regular business hours and monitored by trained workers during those hours."); Exh. C, McGuire Test. at 169:21-170:1 (testifying that "ballot drop box," "ballot drop box receptacle," "ballot collection location," or "ballot drop site" are synonymous terms).  Thus, the Court rightly used the term "drop box" to cover any such secure receptacle. Dkt. No. 88 at 1, 2, 3; Dkt. No. 77 at 2, 3, 4, 5, 6.

>this plan until instructed otherwise by the Secretary of State. The e-mail referred to Ohio's voting statutes and to the pending state and federal litigation.

*Id.* at 4-5. The Court further found that "[t]he evidence Plaintiffs presented at the September 23 hearing of the looming crisis facing Cuyahoga County voters was not rebutted." *Id*. at 6. The Court, therefore, ordered Defendant LaRose to "work closely with the Cuyahoga County board of elections to develop and implement a plan to alleviate the looming crisis for voters who plan to personally deliver their ballots for the November 3 election rather than returning them by mail." *Id.* at 6-7.

On October 2, 2020, the Tenth District Court of Appeals upheld the state trial court's determination that Ohio law neither prohibits nor requires ballot drop boxes at locations other than the boards of elections, leaving in place Directive 2020-16's prohibition on additional drop boxes. *See Ohio Democratic Party et al. v. LaRose*, No. 20AP432 (Ohio Ct. App. Oct. 2, 2020).

Defendant LaRose submitted a Notice in response to the Court's September 25th Order on September 30, 2020. Dkt. No. 79. The Notice stated that Defendant LaRose had approved the portion of the Cuyahoga County Board of Election's plan to allow the Board staff collect absentee ballots in the parking lot at 3100 Chester Avenue. *Id*. The Notice implicitly rejected the Board's plan to move forward with its proposed system of off-site ballot delivery at six libraries around the county. On October 5, 2020, Defendant LaRose issued Directive 2020-22 "clarifying" that "Directive 2020-16, never prohibited and does not prohibit a board of elections from installing more than one secure receptacle ***outside the office of the board of elections***." Exh. D, Ohio Sec'y of State, Directive 2020-22 at 3 (emphasis in original).

The Court issued its *sua sponte* Opinion and Order dismissing this action without prejudice yesterday, October 6, 2020, on the grounds that Directive 2020-22 "authorized any board to deploy its staff to receive ballots at sites other than the board office. This means that the

Cuyahoga County board may implement its intended plan to receive ballots at six public libraries, and that any other board in Ohio that votes to do so may deploy its staff to receive ballots off-site, so long as the board complies with the procedures set forth in Section II of Directive 2020-22." Dkt. No. 88 at 3. The Court found that "[t]here is no evidence before the Court that Secretary LaRose is currently prohibiting any board from doing something it voted to do to protect the voting rights of its citizens with respect to off-site drop boxes or off-site delivery of ballots. Therefore, there is no problem that requires an injunction." *Id*.

Defendant LaRose, however, has taken a position contrary to the Court's reading regarding the meaning of Directive 2020-22. Soon after the Court issued its Opinion and Order yesterday, an assistant prosecuting attorney at the Cuyahoga County Prosecutor's Office wrote to Bridget Coontz, Section Chief – Constitutional Offices Section, Office of Ohio Attorney General and Counsel to Defendant LaRose stating that:

> with the prior unanimous approval of the Cuyahoga County BOE, there is interest in moving forward with the plan to accept absentee ballot deliveries at locations outside the Board of Elections' office in addition to the 3100 Chester Avenue site that we previously discussed. If your client does not object, I will advise the Cuyahoga County BOE that it may proceed as originally planned with deploying bipartisan teams to the libraries to accept deliveries in a manner that conforms with Section II of Directive 2020-22.

Exh. E, Coontz Email Chain at 2-3.

In response, at 7:00 am this morning, Ms. Coontz stated that "contrary to the Court's statement in its Order, the Secretary's recent Directive 2020-22 did not authorize the portion of the Cuyahoga County Board's Plan 'to receive ballots at six public libraries,' nor did the Directive authorize 'any other board in Ohio that votes to do so [to] deploy its staff to receive ballots off-site.'" *Id*. at 2; *see also* Exh. F, Dayton Daily News, LIVE: Dayton Daily News Community Conversation: Will Your Vote Count?,

https://www.facebook.com/daytondailynews/videos/346305596701815, at min. 41:25-42:15 (Merle Madrid, Chief Of Staff for Defendant LaRose, stating that "our Directives 2020-16 and 2020-22 laid out the option for boards of elections to have drop boxes at their board of elections or do manned drop off at the board of elections . . . the voting has started and the Directives are in place to have drop boxes at the board of elections and manned drop off at the board of elections for absentee ballot return").

Ms. Coontz also touted the fact that the Court had dismissed this case Exh. E, Coontz Email Chain, and, contrary to the September 14, 2020 Email from Director of Elections Amanda Grandjean to the Cuyahoga County Board invoking this litigation as a reason to prohibit off-site ballot collection, Exh. G, Pls. Exh. 54, Grandjean Email Chain, now claims that the Defendant LaRose's continuing prohibition of the Cuyahoga County plan has nothing to do with this litigation.  All of this conduct flies in the face of Defendant LaRose's previous statements that he would like to authorize multiple drop boxes in every county if the law allows it.  Exh. H, Pls. Exh. 33, LaRose Town Hall Forum – Three months from Election Day Video.  Which the law does. *Ohio Democratic Party et al. v. LaRose*, No. 20AP432 (Ohio Ct. App. Oct. 2, 2020).

**II.     Legal Standard**

The Court has discretion to reconsider its own judgments and orders under Federal Rules of Civil Procedure 59(e) and 60(b).  *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808-09 (N.D. Ohio 2010) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." (quoting *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009)); *Boone v. Warden, Mansfield Corr. Inst.*, 2020 WL 3488734 (S.D. Ohio June 26, 2020) (holding that whether to grant relief under Rule 60(b) is

"within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion").

"A Rule 59(e) motion may be well-taken if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice." *Lonardo*, 706 F. Supp 2d at 808-09 (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (granting motion to reconsider where an affidavit provided information that the Court had not previously considered). Under Rule 60(b), relief is appropriate in cases of "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). For example, when there is "a substantive mistake of law or fact in the final judgment or order." *Boone v. Lazaroff*, 2020 WL 2711403, at *2 (S.D. Ohio May 26, 2020) *report and rec. adopted sub nom* (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

### III. Argument

The Court's October 6th Opinion and Order relied on the belief that Defendant LaRose had taken action to address the "looming crisis for voters" in Cuyahoga County. Dkt. No. 77 at 7. Defendant LaRose, however, has utterly failed to take any such action. Rather, contrary to the Court's October 6th Opinion and Order, and with no basis for doing so, Defendant LaRose continues to prohibit any ballot collection other than at the board of elections. Exh. E, Coontz Email Chain at 1. Defendant LaRose has rejected the portions of the Cuyahoga County Board of Elections plan that called for additional collection locations at public libraries. *Id*. This prohibition serves no relevant or legitimate state interest, and does not address the "looming crisis" the Court described in its September 25th Order, which Plaintiffs have shown imposes a substantial burden on their and their members' rights to vote.

Because neither Directive 2020-22, nor any other action taken by Secretary LaRose, has alleviated Directive 2020-16's unconstitutional burden on Ohioans' right to vote, there is clearly still a "problem that requires an injunction." Dkt. No. 88 at 3. To resolve this constitutional problem and "to prevent manifest injustice" to Ohio voters, the Court should reconsider its October 6th Opinion and Order and enjoin Directive 2020-16 to the extent it prohibits Ohio county boards of elections from installing a drop box at any other location other than the boards of elections. *See Lonardo*, 706 F. Supp 2d at 808.

## IV. Conclusion

For the foregoing reasons, the Court should reconsider its October 6, 2020 Opinion and Order and enjoin Directive 2020-16 to the extent if prohibits Ohio county boards of elections from installing drop boxes at any location other than the board of elections. Plaintiffs are prepared to submit Findings of Fact and Conclusions of Law in support of the issuance of the injunction, and a detailed Order that lays out the appropriate injunctive relief, given these latest events.

Dated: October 7, 2020 Respectfully submitted,

/s/ *James Schuster*
James Schuster (Ohio Bar No. 0065739)
JSA LLP
2355 Bellfield Ave.
Cleveland Heights, OH 44106
Telephone: (216) 882-9999
jschuster@OHcounsel.com

Jon Greenbaum
Ezra D. Rosenberg
Pooja Chaudhuri
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org

Subodh Chandra (Ohio Bar No. 0069233)
Donald P. Screen (Ohio Bar No. 0044070)
Brian D. Bardwell (Ohio Bar No. 0098423)
THE CHANDRA LAW FIRM LLC
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Telephone: (216) 578-1700
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

Freda J. Levenson (Ohio Bar No. 0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Avenue
Cleveland, Ohio 44103
Telephone: (216) 472-2220
flevenson@acluohio.org

David J. Carey (Ohio Bar No. 0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
Telephone: (614) 586-1972 x2004
dcarey@acluohio.org

Neil A. Steiner
Mariel R. Bronen
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10019
Telephone: (212) 689-3500
neil.steiner@dechert.com
mariel.bronen@dechert.com

Erik Snapp
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
erik.snapp@dechert.com

Lindsey B. Cohan
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 394-3000
lindsey.cohan@dechert.com

Theodore E. Yale
DECHART LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
theodore.yale@dechert.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I CERTIFY that on October 7, 2020, a true and correct copy of the foregoing was furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filling to all counsel of record.

/s/ James Schuster