# EXHIBIT E

**Musson, Mark, R.**

| | |
|---|---|
| **From:** | Bridget Coontz <bridget.coontz@ohioattorneygeneral.gov> |
| **Sent:** | Wednesday, October 7, 2020 7:00 AM |
| **To:** | Musson, Mark, R. |
| **Cc:** | Charles Miller; Michael Sliwinski |
| **Subject:** | RE: Polster's Dismissal |

Good Morning Mark,

 As we originally discussed and as we notified the Court yesterday, the Secretary previously approved the portion of the Cuyahoga County Board's Plan to accept absentee ballot delivery from voters using staffed, bipartisan teams outside the Cuyahoga County Board's office.  Contrary to the Court's statement in its Order, the Secretary's recent Directive 2020-22 did not authorize the portion of the Cuyahoga County Board's Plan "to receive ballots at six public libraries," nor did the Directive authorize "any other board in Ohio that votes to do so [to] deploy its staff to receive ballots off-site, . ."  As was widely reported in media outlets throughout Ohio, Directive 2020-22 informed all county boards of election that they, too, may have staffed, bipartisan teams outside their board offices for voters to deliver their absentee ballots to the director.  Directive 2020-22 simply cannot be read any other way.

 The Court did not issue an Order related to the Board's Plan, nor could it have, as the Board was not a party to the case and the Plaintiffs did not request the Plan as a form of relief.  As even you stated in your September 17th email, the litigation had no bearing on the Board's Plan.  Regardless, the Court has now dismissed this case.   All Boards must follow Directive 2020-22.   Any future communications regarding it should occur directly between the Board and the Secretary of State's Office.

Please let us know if you would like to discuss.
Thanks,
Bridget



Bridget C. Coontz
Section Chief – Constitutional Offices Section
Office of Ohio Attorney General Dave Yost
Office number: 614-728-2035
Fax number: 866-914-1621
Bridget.Coontz@OhioAttorneyGeneral.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Musson, Mark, R. <mmusson@prosecutor.cuyahogacounty.us>
**Sent:** Tuesday, October 6, 2020 4:32 PM
**To:** Bridget Coontz <bridget.coontz@ohioattorneygeneral.gov>
**Cc:** Charles Miller <Charles.Miller@ohioattorneygeneral.gov>; Michael Sliwinski

<Michael.Sliwinski@ohioattorneygeneral.gov>
**Subject:** Polster's Dismissal

Hi Bridget,

I received a copy of the attached order dismissing the Drop Box lawsuit.  Judge Polster's order states that Secretary of State authorized the Cuyahoga County BOE to "implement its intended plan to receive ballots at six public libraries, and that any other board in Ohio that votes to do so may deploy its staff to receive ballots off-site, so long as the board complies with the procedures set forth in Section II of Directive 2020-22."

With the prior unanimous approval of the Cuyahoga County BOE, there is interest in moving forward with the plan to accept absentee ballot deliveries at locations outside the Board of Elections' office in addition to the 3100 Chester Avenue site that we previously discussed.  If your client does not object, I will advise the Cuyahoga County BOE that it may proceed as originally planned with deploying bipartisan teams to the libraries to accept deliveries in a manner that conforms with Section II of Directive 2020-22.

Please let me know if you would like to discuss.


Thanks,


Mark R. Musson
Assistant Prosecuting Attorney – Civil Division
Cuyahoga County Prosecutor Michael O'Malley's Office
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, OH 44113
Phone (216) 443-7795
MMusson@prosecutor.cuyahogacounty.us

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A. PHILIP RANDOLPH INSTITUTE, ) <br> OF OHIO, ET AL., ) <br> ) <br>     **Plaintiffs,** ) <br>   vs. ) <br> ) <br> **FRANK LAROSE,** ) <br> ) <br>     **Defendant.** ) | CASE NO.  1:20-CV-01908 <br><br> JUDGE DAN AARON POLSTER <br><br> <u>**OPINION AND ORDER**</u> |

On August 26, 2020, Plaintiffs, who are non-partisan civil rights organizations and individual voters, filed this suit to challenge Defendant Ohio Secretary of State Frank LaRose's (the "Secretary") Directive 2020-16, which pertains to the use of secure drop boxes for the November 3, 2020 election. On September 4, 2020, Plaintiffs filed the pending motion for preliminary injunction asking the Court to enjoin enforcement of Directive 2020-16 to the extent that it would limit county boards of elections to a single ballot drop box at the board office. Doc #: 13. The Secretary and Intervenors[1] filed briefs in opposition. Doc ##: 30, 31. Plaintiffs filed a reply. Doc #: 34. On September 23 and 24, 2020, the Court held a hearing at which time the parties presented witnesses and other evidence.

On September 25, the Court issued an Order that addressed many of the background facts relevant to Plaintiffs' Motion. *See* Doc #: 77. In that Order, the Court referred to the parallel state court litigation, where the trial court had enjoined the portion of the challenged Directive. *Id.* at 5–6. The Court stated that the resolution of the state court litigation might moot this case if the highest court to rule upheld the trial court's decision. *Id.* at 6. Because a federal court should address

---

[1] Intervenors are: Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee.  Doc #: 27.

1

constitutional questions only as a last resort, this Court held in abeyance any ruling on Plaintiffs' Motion. *Id.* Because of the looming problem in Cuyahoga County identified at the hearing, the Court ordered the Secretary to work closely with the Cuyahoga County board to address the problem and ordered the Secretary to file a report on those efforts. *Id.* at 6–7.

On September 30, the Secretary filed his report, stating he had approved the portion of the Cuyahoga County board's plan to have board staff collect absentee ballots at a parking lot owned by the Cleveland Metropolitan School District that is one block away and across the street from the board office. Doc #: 79. The Secretary continued to prohibit the remaining portion of the plan, which would have permitted voters to deliver ballots to board staff at six public libraries throughout the county. *See* Doc #: 77 at 5. On October 2, the Court ordered the Secretary to explain why he was prohibiting board staff from receiving ballots at public libraries. *See* non-document Order (Oct. 2, 2020).

Later on October 2, the 10th District Court of Appeals upheld the state trial court's determination that the Secretary's interpretation of R.C. 3509.05 is not reasonable, and that the statute neither prohibits nor requires ballot drop boxes at locations other than the boards of elections. *See Ohio Democratic Party et al. v. LaRose*, No. 20AP432 (Ohio Ct. App. Oct. 2, 2020). The Court of Appeals reversed the injunction, however, leaving in place the prohibition in Directive 2020-16 on drop boxes at locations other than board offices.

Throughout this litigation, the Secretary has asserted his belief that Ohio law prohibits off-site drop boxes. While he has advanced other justifications for that portion of Directive 2020-16 prohibiting boards of election from installing off-site drop boxes, the Court does not find any of them convincing. All three courts to have considered the matter have rejected the Secretary's

2

interpretation of R.C. 3509.05. It is now settled law that off-site drop boxes are neither prohibited nor compelled in Ohio.

Yesterday, October 5, the Secretary issued Directive 2020-22. In his latest Directive, the Secretary authorized any board to deploy its staff to receive ballots at sites other than the board office. This means that the Cuyahoga County board may implement its intended plan to receive ballots at six public libraries, and that any other board in Ohio that votes to do so may deploy its staff to receive ballots off-site, so long as the board complies with the procedures set forth in Section II of Directive 2020-22.

While the off-site staff collection of absentee ballots may not have all the advantages of off-site drop boxes, such a program alleviates many of the concerns raised at the hearing. There is no evidence before the Court that Secretary LaRose is currently prohibiting any board from doing something it voted to do to protect the voting rights of its citizens with respect to off-site drop boxes or off-site delivery of ballots. Therefore, there is no problem that requires an injunction.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**. The Court fervently hopes that now that voting has begun,[2] the litigation over drop boxes and off-site ballot collection will come to an end. Should it come to pass, however, that between now and November 3 any county board of elections votes to implement off-site drop boxes, Plaintiffs may refile their lawsuit, so long as the affected board is added as a party.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster_October 6, 2020_
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] When I rode my bicycle past the Cuyahoga County board offices at 8:30 this morning on my way to the federal courthouse, the line of people waiting to vote were already very long.

3